# MEDICAL COLLEGE OF ALABAMA vs. MULDON & SONS.

[ACTION TO RECOVER FROM INSURANCE COMPANIES THE AMOUNT REQUIRED TO BE PAID TO THE TRUSTEES OF THE MEDICAL COLLEGE AS A PRE-REQUISITE TO TRANSACTING BUSINESS IN THE CITY OF MOBILE.]

1. *Constitution of Alabama ; Article IV, section 2 of, construed.*—Section 2, Article IV, of the constitution of Alabama, which requires the repeal of the sections of an act that are amended, imposes on the legislature the duty of formally repealing them ; but when the general assembly fails to repeal the sections amended, they are repealed by virtue of the constitution.

2. *Section 1186 of Revised Code, payment required by to be made to Medical College ; not a vested right, but in the nature of impost or tribute.*—The annual payment of $200 to the medical college of Alabama, at Mobile, imposed by section 1186 of the Revised Code on all insurance companies not incorporated by this State, and doing business in the city or county of Mobile, was in the nature of an impost or tribute. The college acquired no vested right to it, because no consideration moved from the college.

3. *Same ; force and effect of act repealing, on suits brought afterwards.* The college can not maintain an action commenced after the repeal of the law requiring such payment, to recover the amount due up to the time of the repeal. A statute, when repealed, must be considered except as to transactions which are passed and closed, as if it never existed.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.

THE appellees were agents during the years 1867 and 1868, of seven life and fire insurance companies not incorporated by the State of Alabama, and as such transacted

their business in the city of Mobile during those years, without having paid to the trustees of the medical college at Mobile the sum of $200 for each company during each of the years before transacting business, &c., as required by section 1186 of the Revised Code. This section of the Code was incorporated therein from an act passed 24th February, 1860, and is the only part of the act in any way relating to the medical college at Mobile.

The medical college was incorporated on the 30th of January, 1860, and no reference is made in the act of incorporation to the gift or impost required of insurance companies by section 1186 of the Revised Code.

On the 9th of August, 1868, section 1186 of the Revised Code was amended by striking out that part which required the payment, &c., to the trustees of the medical college. The amending act was attacked in the argument as unconstitutional, and the Reporter has thought it best to give it in full. The act is as follows:

"An act to amend § 1186 of the Revised Code of Alabama.

"SEC. 1. *Be it enacted by the general assembly of Alabama*, That section (1186) eleven hundred and eighty-six of the Revised Code of Alabama, be amended by striking out the words, "to the trustees of the medical college at Mobile the sum of two hundred dollars, such payment to be made from year to year so long as such agency is continued in the city or county of Mobile, which section reads as follows: "Such agent as before mentioned, before taking any risk or transacting any business of insurance in the city or county of Mobile, must pay to the treasurer of the fire department association of Mobile the sum of two hundred dollars for the benefit of such association; to the trustees of the medical college at Mobile the sum of two hundred dollars, such payment to be made from year to year so long as such agency is continued in the city or county of Mobile; and any such agent taking any risk, or transacting any business of insurance in any other corporate city or town in this State, where fire companies now are, or that may be hereafter organized, must pay to the corpo-

rate authorities of such city or town, for the benefit of such fire companies, two and a-half per cent. upon the gross amount of premiums received by such agent, such payment to be made from year to year, so long as such agency is continued in such city or town."

"Approved, August 5, 1868."

On the 14th day of November, 1868, the medical college brought this suit against the appellees, to recover the amounts alleged to be due under said section 1186 of the Revised Code, for transacting business during the years 1867 and 1868.

The cause was tried below on an agreed statement of facts, but as this statement had no material bearing upon the decision of the court, it is unnecessary to notice it further.

A trial by jury having been waived, the court gave judgment for the defendants, and hence this appeal.

J. LITTLE SMITH, for appellant.—(Appellant's brief did not come into Reporter's hands.)

HAMILTON, contra.—1. The right of recovery in this case is now gone by the repeal of the act.—7 Wallace R. 506, 514; Sedgwick on Statute, 51; ib. 541; 13 Howard, 429; 3 ib. 350; 15 N. Y. 152; 1 Hill, 324, 328; 4 M. & Payne, 341; 1 N. H. 61; 14 Ill. 334; 4 Ala. R. 487; 14 ib. 435; 5 Cranch, 281; 6 ib. 429.

2. Here is no contract or vested right.—3 Stewt. 387; 1 ib. 347; 1 Hill, 324; 15 N. Y. 152; 4 Metcalf R. 76; 18 Maine R. 109; Sneider v. Heidelberger, MS. opin. Jan. term, 1871.

3. This is not a tax proper, but rather the taking of one man's property for the benefit of another.—39 Penna. Reports, 73; 5 Maryland R. 227; 2 Seld. R. 358, 366; 4 Comstock, 419, 424; 4 Hill R. 140. This is a *peculiar imposition* placed upon these insurance companies *for doing business in the city and county of Mobile,* and is not required for the doing business in any other part of the State. It operates a discrimination *against, and to the prejudice of,*

the business of that city and county, and does not lie within the legislative power.

4. No defense of contract is available, for this gift originated in 1860, by an act of the legislature. The charter was enacted by a separate act, and contains no allusion to any such gift; and was passed six days after the other law. It is not a tax to the State, but a gift to a private corporation, and for its benefit alone. It is true, the burthen is on a foreign corporation, but the benefit is special, and not for the good of the whole State; it is, in fact, a privilege bestowed by the legislature, against the spirit and letter of the constitution of the State, and is a perversion of the power of the government.

5. The whole property obtained by this corporation is by its charter declared to be for its exclusive benefit, so that this tax or imposition is purely for this college. It is true, it is declared to be a department of the university, but the property is still for this private use, and no part of the university funds can be applied for its benefit. If this could be held otherwise, and the fund for public use, the power of repeal is rather strengthened, for the State can surely release an advantage secured by its own act to itself.

6. The repeal of this act is required by the constitution, (art. XI, § 13,) for all taxes on foreign insurance companies *are for the benefit of common schools*, and the act of 1868, (p. 303, Acts of 1868,) levies a tax of 2 per cent. on gross income for that purpose. This act is not for common shools, but a medical school.

7. As to the repealing act:

1. The act, as found in the Code, (originally Acts of 1859–60, p. 116,) is repealed by the act of December 31, 1868.—See § 136, p. 340, Acts of 1868. This repealed all acts in relation to taxation, of a general or special character. And that such was its effect, we have legislative construction by the re-enactment of section 1168 of the Revised Code, so far as the fire department association is concerned.—Acts of 1869–70, p. 288.

2. It was repealed so far as this plaintiff is .concerned,

*and only so far*, by the act of 1868, p. ῷ. That declares that section 1186 is amended by striking out that portion of the section which creates. this tax, reciting the words used for that purpose. In the absence of the present constitution, the effect and meaning of this instrument would not admit of doubt. Then, to comply with the constitution, the act proceeds to recite the sections as it stands in the Code. The constitution then declares that this being done, the section so amended—that is, the section as it originally stood—shall be repealed.

The constitution thereby declares what shall be the status of the original law or section. The amendment *ipso facto* repeals the law as it stood before the amendment.

The position assumed by appellant is that if the constitution so operates *propria vigore*, the whole of the original section is repealed. This is an unnatural and forced construction. The original act is repealed as it stood, and it stands as the original amendment applied to it declares, which in this case is in effect only the repeal of the tax here claimed.

The alternative is presented by the appellant, that if this is not so, it must be that the whole act of 1868 fails of operation, because the legislature has not declared the repeal, as he says it was bound to do by the constitution, which is mandatory, and if not complied with the act is unconstitutional.

This construction is denied. The constitution does not declare that the legislature shall do so and so, but acts directly on the act as passed by the legislature. If the act, as passed, conforms to the conditions required, it is valid; if it fail to meet those conditions, it is invalid. The act, itself, is the subject on which the constitution acts, viz.: it must be but on one subject; that subject must be expressed in the title; and if the object be to revise or amend a previous enactment, the enactment so affected shall be recited, and that declares the enactment so revised or amended shall be repealed, not shall be declared by the act to be repealed, but shall be repealed. Not that the legislature

shall formally enact the repeal to the former act, but that the section or sections amended shall be repealed. This is declared to be the operation of this act, which conforms to the conditions required by the constitution.

The subject on which the constitution operates is the legislation, *not* the legislature. The one legislation, that is, the present, must conform to the conditions; the other legislation, that is, the past, is then declared to be in the condition of a repealed act.

There is nothing in the language of the constitution, or the object to be secured, which requires any other construction, and of which the whole effect would be uselessly to add to the new law the four words, " said act (or section) is repealed," and this simply to conform to a theory.

B. F. SAFFOLD, J.—The medical college was incorporated on the 30th of January, 1860. On the 24th of February, 1860, a statute was enacted to regulate the agencies of insurance companies not incorporated by the State of Alabama, in their operations within the State. This law was comprehensive in its character, and designed to protect the citizens against irresponsible companies and agencies. It stipulated how suits should be instituted against them, the least amount of capital actually invested which should entitle them to carry on their business, what statements in writing should be filed in designated offices, and their effect as evidence. It provided for ascertaining and collecting taxes levied upon them. It also imposed restrictions upon them, and penalties for the violation or nonperformance of all the requirements of the act. Amongst the requisitions exacted of them was one that, " before transacting any business in the city or county of Mobile, they should pay the treasurer of the Fire Department Association of Mobile the sum of two hundred dollars, for the benefit of said association ; to the trustees of the medical college at Mobile the sum of two hundred dollars, such payment to be made from year to year so long as such agency is continued in the city or county of Mobile." A similar requisition was made of them in favor of fire com-

panies in any other city or town where they might do business. This law was embodied in the Revised Code of 1867, with inconsiderable exceptions, (§§ 1180, 1191,) and is still in force, except so far as it has been modified by subsequent legislation, to be considered presently.

This suit was commenced by the medical college on the 14th of November, 1868, to recover the sums alleged to be due to it under the provision above quoted, for the years 1867 and 1868. On an agreed state of facts the ruling of the city court was adverse to the plaintiffs, and from the said judgment the appeal was taken.

Section 1186 of the Revised Code, which is the 8th section of the act of 1860, was amended August 5th, 1868, by striking out the appropriation to the medical college. It is contended for the appellant, that this amendment is inoperative for non-compliance with article 4, § 2, of the State constitution respecting the repeal of the section amended. This constitutional provision was intended to make legislation express and comprehensible, and to avoid as far as possible the complications growing out of the implied repeal of laws. We have held it to be mandatory so far as to nullify parts of laws not expressed in the title, and the whole law, when the unity of the subject was violated and the matter was inseparable. It is plainly the duty of the legislature to formally repeal a section amended, but when it fails to do so, the courts should nevertheless maintain the legislation if there is vigor enough in the constitution to correct the omission. In this case the constitution directly commands the precise thing to be done, and is a law that the section amended is repealed. The proposition to amend a particular section of a law, is the expression of the subject to be legislated upon. This new act contains the entire section amended, and the amendment is clearly set forth.

What is the character of the plaintiff's claim? It is not a penalty, for that is a suffering in person or property imposed by law or agreement for someting committed or omitted. It is not strictly a tax on account of the disposition made of it, and because other provision is made in

the statute for the taxation of these agencies. It must, however, be referred to that head, and is a *quasi* impost or tribute exacted by the State and appropriated to the benefit of this college. If it be admitted that there are some of the constituents of a contract between the State and the companies, which is the utmost that can be claimed for the plaintiff, no consideration moves from the plaintiff, and therefore it is a stranger to the consideration upon which the contract is founded. Without such a consideration no vested right is created. But the statute giving the donation was repealed before trial. When a statute is repealed, it must be considered, except as to those transactions which are passed and closed, as if it never existed.—Dwarris on Stat. 676; *Butler v. Palmer*, 1 Hill, 324–328; 9 Wall. 506. Rights of action and other executory rights arising under a statute are said to be vested, (*Beadleston v. Sprague*, 6 Johns. R. 101,) but unless they amount to a contract, and the statute being simply repealed, the very stock on which they were grafted is cut down, and there is no rule of construction under which they can be saved.—1 Hill, 328.

The judgment is affirmed.