(120 So. 142)

## KENDRICK v. STATE. (6 Div. 214.)

Supreme Court of Alabama. Oct. 25, 1928.

See, also, post, p. 279, 120 So. 144.

W. Emmett Perry, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAYRE, J. We consider only subdivision (d) of the Act of September 7, 1927 (Acts 1927, pp. 669, 670), amending section 6248 of the Code of 1923. That subdivision, with so much of the context as is necessary to its understanding, reads as follows:

"6248. *Who may Practice as Attorneys.*— Only such persons as are regularly licensed have authority to practice law. For the purposes of this section of the Code, the practice of law is defined as follows: Whoever, * * * (d) As a vocation, enforces, secures, settles, adjusts or compromises defaulted, controverted or disputed accounts, claims or demands between persons with neither of whom he is in privity or in the relation of employer and employé in the ordinary sense; is practicing law."

The act then proceeds:

"Any person, firm or corporation who is not a regularly licensed attorney who does an act defined in this section to be an act of practicing law, is guilty of a misdemeanor, and on conviction must be punished as provided by law."

Appellant agreed that he was "engaged in the business of conducting a commercial collecting agency as a vocation within the city of Birmingham, Jefferson county, Alabama, in which vocation he was holding himself out to the public as being ready, able and willing to represent out of court any one in the adjustment, collection or compromise of any defaulted, controverted or disputed account, claim or demand, which he may have against any one else, with neither of whom defendant was in privity, or in the relation of employer or employé in the ordinary sense," and that "while acting in said business defendant by solicitation secured from Odum, Bowers & White, a corporation, in the city of Birmingham, Jefferson county, Alabama, a defaulted, disputed or controverted account, claim or demand of said corporation against one J. W. Jackson, in the sum of fifty-six dollars and a half," which said claim Jackson disputed, and which defendant by demand and negotiation proceeded to collect, retaining a part of the sum so collected as compensation for his services rendered in adjusting and collecting said claim. Appellant, on the admission of these facts, thus stated in brief, was convicted, and a fine assessed against him.

The constitutionality of the act as applied to the facts of appellant's case is questioned on numerous grounds. We state our conclusion as to one of them. The rest we leave for consideration when, if ever, it may become necessary to pass upon the constitutional validity of the punishment the act purports to visit upon violations of its several other subdivisions.

■ The act is not expository within the condemnation of the decision in Lindsay v. U. S. Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783. Its purpose and effect is to penalize and subject to punishment as a misdemeanor various acts not heretofore considered to constitute the practice of law. At least, that may be affirmed with complete assurance as to the act or acts charged against appellant. This fact and the peculiarity of the statute will the more clearly appear if, varying the form of statement, but adhering strictly to the logical effect of the statute, it be stated thus: No man may follow the business of collecting out of court claims disputed or in default, for others by whom he may be employed for the purpose, unless first he has procured a license to practice law; that is, unless he has first been examined by a board of examiners appointed by the board of commissioners of the state bar on the subjects enumerated in section 6240 of the Code, viz. the law of real and personal property, the law of pleading and evidence as administered in the courts, the commercial and criminal law, equity, the statute law of the state, professional ethics, constitutional law, and the political history of the United States and the formation of constitutional government therein, found by the judgment of the examiners to be qualified, shall take the oath required of attorneys, and shall have paid to the state treasurer a license fee— whether in addition to or in lieu of the fee exacted of collecting agents or agencies by subsection 21 of section 2361 of the Code of 1907 (unchanged by the Code of 1923) does not in terms appear. Stated with a closer view to the purposed effect of the act, it means that no one but a licensed attorney shall undertake by demand or negotiation out of court the business of collecting for another any claim in default or in dispute.

■■ We do not think it necessary to state our consideration of the question whether the enactment of this proposed law was without the power of the Legislature, for the reason that it discriminates unjustly amongst persons entitled to equal opportunity before the law, as appellant alleges. In re J. L. Dorsey, 7 Port. 293. There is a more obvious objection to the act. Section 45 of the Constitution prescribes that "each law shall contain but one subject, which shall be clearly expressed in its title." It was held in Wood v. McClure, 209 Ala. 523, 96 So. 577, on the authority of Ex parte Cowert, 92 Ala. 94, 9 So. 225, and other decisions of this court, that "an amendment by reference to the number of a section in an act"—in this case a section of the Code—"must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section." Section 6248 is written in this language: "Only such persons as are regularly licensed have authority to practice law." The subject of a section of the Code is the idea or thing about which the Legislature has expressed its will. The subject about which the legislative will is expressed in subdivision (d) of the amendatory act under consideration is the idea that only persons regularly licensed may practice law. The prerequisites to a license are stated and provided in chap-

ter 260 of the Code (sections 6220—6260, including 6248) under the title "Attorneys at Law." In the amendatory act no change is made in these requirements for a license. In subdivision (d) the act merely extends the inhibition of the original section to persons who would follow the business of collecting claims out of court. To practice law is to exercise the calling or profession of the law, usually for the purpose of gaining a livelihood, or at least for gain. To engage in the business of collecting claims by demand or negotiation out of court is not to practice law. There is no more necessary relation between the two than there is between the practice of law and scores of other things which lawyers, in common with other folks, must do in order to be able to follow their different vocations. The act under consideration, section (d), involves a radical change of meaning in the collocation of words "practice law." To collect claims out of court, that is, without recourse to legal remedies, and to practice law connote very different things to the lay mind, and we have stated the steps necessary to the making of a licensed lawyer, in order to show how broad is the technical difference between the two. The opinion in Ex parte Cowert, supra, presents a close analogy. The language of that case (page 100 [9 So. 225]) we think may be fairly paraphrased as follows: No man to whom is presented a proposition to amend a statute declaring that regularly licensed attorneys alone have authority to practice law, would for a moment conceive the proposition to involve an inhibition against the collection of claims by demand or negotiation out of court by anyone but a licensed attorney. Montgomery v. State, 88 Ala. 141, 7 So. 51, was much like the case last cited. Having before it a similar question under a constitution containing the same provision as that here involved, the Supreme Court of Louisiana in Beary v. Narrau, 113 La. 1038, 37 So. 962, used the following language aptly expressing the view we have in mind:

"Two subjects of legislation cannot be germane where it is necessary to change the meaning of words to place them in the same class or category, and where provisions applicable to the one are incongruous when applied to the other."

The same court, in State v. Sugar Refining Co., 106 La. 565, 31 So. 186, quoted the Supreme Court of Illinois in Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, as follows:

"An act to amend certain sections of a general law is limited in its scope to the subject-matter of the sections proposed to be amended. In such case the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed *in the title of the act*, and, therefore, void. The amendment of an act in

general or a particular section of an act ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates."

This statement of the last-mentioned case is familiar law in this state, and is reproduced from the courts indicated in order merely to show the full meaning and purport of the decision in Beary v. Narrau, supra. These decisions of the Supreme Court of Louisiana on the point here at issue were quoted and approved by the Supreme Court of Iowa in State v. Bristow, 131 Iowa, 664, 109 N. W. 199, with the citation of numerous authorities. Our independent judgment sustains the conclusion stated in the foregoing cases; but we refer further to State ex rel. Troy v. Smith, 187 Ala. 411, 65 So. 942, and the cases there cited, as being more or less persuasive to the same effect.

The conclusion is that the act under which appellant was convicted is, so far as it affects his case, null and void, because violative of section 45 of the Constitution. The judgment of conviction is reversed, and it is ordered that appellant be discharged.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.
BROWN and FOSTER, JJ., dissent.