175 So. 387

**JOHN E. BALLENGER CONST. CO. v. STATE BOARD OF ADJUSTMENT et al.**

**3 Div. 215.**

Supreme Court of Alabama.

June 17, 1937.

Wilkinson & Wilkinson and Ralph B. , Tate, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., Silas C. Garrett, III, Asst. Atty. Gen., and Files Crenshaw, Jr., of Montgomery, Sp. Atty., for Board of Adjustment.

FOSTER, Justice.

Appellant filed a petition in the circuit court for mandamus against the members of the State Board of Adjustment, in which it sought to require the board to hear and consider a claim which it asserted for damages, which are alleged to have resulted from a refusal on the part of the State Highway Department to perform its contract for paving in a way and manner in which it had the right under its contract with that state agency. The contract with the state stipulated that the decision of the State Highway Commission upon any question connected wth the execution of the contract shall be final and conclusive.

The claim was presented to the State Highway Commission on June 3, 1935, and was heard by said commission, and on September 19, 1935, it allowed it in part and denied the remainder, but would not cause to be paid that part which was allowed unless it would be received in full settlement. This, appellant refused to do.

On April 11, 1936, appellant filed its petition with the State Board of Adjustment praying that it hear the merits of its claim and adjudge that it is entitled to be paid the full amount of it. The Highway Commission moved the board to dismiss the claim for a want of jurisdiction to hear and determine it. The board concluded that it had no jurisdiction, and dismissed the petition without a hearing on the merits. Wherefore appellant filed this petition in the circuit court to compel the board to take jurisdiction and pass on it.

The board filed demurrer. The state intervened by the Attorney General, and demurred also. The demurrers seem to present substantially the same legal questions. The court sustained the demurrer, and petitioner declining to plead further a judgment was rendered for respondents, and petitioner has appealed to this court.

By act approved September 14, 1935 (Gen.Acts 1935, p. 1164) the State Board of Adjustment was created and upon it was conferred the power and duty to hear and consider all claims for damages done by any agencies of the state or its commissions or boards. The claims included damages to person or property, and referred to those which had previously occurred without time limit. State Board of Adjustment v. State ex rel. Sossaman, 231 Ala. 520, 165 So. 761. It also in terms embraced claims against the state arising out of contracts with it or its agencies and commissions, but with a proviso that it should not have jurisdiction to settle any matter or claim of which the courts have jurisdiction.

On March 1, 1937, the Governor signed an act which amended section 2 of the original act. (Gen.Acts 1936-37, Ex. Sess., p. 205). In so far as the amendment affects the question we are considering, it provides that the board shall have no jurisdiction over claims growing out of contracts with any state agency, commission, or board where by contract said agency, commission, or board is made the final arbiter of any disagreement growing out of the contract with such agency, commission, or board, and particularly the Board of Adjustment shall have no jurisdiction of disagreements arising out of contracts made by the State Highway Department. The amendment became operative after the rendition of the judgment from which this appeal was taken, and also after the appeal was taken.

We learn from the brief of the Attorney General that his contentions, which were sustained by the board and the trial court, were that (1) appellant had an adequate remedy at law by mandamus against the Highway Commission, and that, therefore, the courts of the state had jurisdiction of appellant's claim, so that under the proviso, as first enacted, the board had no jurisdiction; and that (2) by the contract the decision of the Highway Commission was made conclusive between the parties; and that (3) the act shows a manifest intent not to substitute the decision of the Board of Adjustment for that of the Highway Commission as to questions arising out of highway construction (and which has now been expressly written into the act).

Another question is that if appellant was entitled to a hearing under the act before it was amended, has the amendment cut it off under the protection of section 95 of the Constitution?

■■■ The fundamental power of the Board of Adjustment conferred by the act is predicated upon the right of the Legislature to confer upon an administrative commission or board the authority for it to act in respect to details not convenient to be done by the Legislature in session. The cases are cited in 4 Alabama Digest, Constitutional Law, 719, ☞ 62 and 72,

63 (1), (2) and (3). If it be conceived that the act attempted to create any sort of agency or court with the power to render judgment which would fix a liability against the state, it would violate section 14, Constitution.

This does not conflict with the power of a court to require an officer to perform a clear legal duty even though it is to pay money of the state required by law to be paid. The Board of Adjustment is not in the nature of a court with power to settle unliquidated disputes between citizens and the state as to whether the state must discharge its obligations as a citizen is required by the courts to do. But the Legislature recognizes that certain circumstances justly call for an appropriation to satisfy moral and legal duties which ought to be met by legislative enactment, since money of the state can only be paid by legislative appropriation. Section 72, Constitution. Certain appropriations are made to meet those obligations. The Legislature has specified, as it must, the nature of claims which are to be paid out of the appropriations and set up the Board of Adjustment to ascertain the persons who are included in the appropriations, the nature of their claims, and their amount. When this is done, the status of a claimant is as though the Legislature had passed an act appropriating that amount to be paid him out of the treasury. As long as that appropriation remains unrepealed, there is a legal duty imposed upon executive officers to pay it out of moneys in the treasury subject to its payment. But it does not become a debt of the state, and cannot be so. Section 213, Constitution, as amended Const. 1901, Amend. art. 23 (see Gen.Acts 1933, Ex.Sess., p. 196); Hall v. Blan, 227 Ala. 64, 148 So. 601(13), (14). Until the appropriation is paid it is subject to repeal. Medical College of Alabama v. Muldon, 46 Ala. 603. No authority can prevent the Legislature from effectually repealing it.

So, the Legislature can repeal the whole appropriation out of which claims may be paid as allowed by the Board of Adjustment, and no one could gainsay that right, even though the board had found that appellant's claim was one of those designated for payment, and that it was true and just. If those powers are within legislative competency what would deny the right of the Legislature to reclassify claimants to be paid out of the appropria-tion, and to exclude some of them even after the claim has accrued, and the claimant has begun proceedings before the board to have his claim fixed and determined?

Section 95, Constitution, is thought to be an answer in that it provides that, after a suit has been commenced, the Legislature shall have no power to take away the cause of action on which it is founded. But in Ex parte State, 52 Ala. 231, 23 Am.Rep. 567, it is said that "all obligations or liabilities resting upon the State, being creations of the legislative power of the State, it is the good faith of the State alone, on which reliance is placed to perform the obligation, or discharge the liability. Legal remedies, or their efficacy in enforcing the obligation or liability, are not contemplated as in cases of contracts between individuals. * * * Statutes are often passed permitting suits against the State. Such statutes are matters of grace, confer privileges,—they do not create rights, and are always construed like other statutes, conferring privileges or exemptions on the citizen. The power to withdraw is commensurate with the power to confer, and when the privilege is withdrawn, the citizen is remitted to the condition in which he stood when it was conferred."

But appellant argues that this decision has no application because that feature of section 95, Constitution, which we have quoted, was not then in existence.

We also note that, at that time, there was authority to sue the state. Section 16, article 1, Constitution of 1868. That is the occasion for certain expressions quoted above not now applicable.

But the right to present and have heard by the Board of Adjustment a claim of the sort for which an appropriation is made, to determine whether it is one so contemplated by the Legislature, cannot have a higher standing than a claim on which a suit against the state may be permitted by law and the Constitution. If the latter claim, though so conferred, created no right, but a privilege, subject to be revoked, the claim of appellant here is of no higher standard. Section 95, Constitution, presupposes the existence of a legal vested cause of action.

It is said in Scheuing v. State, 177 Ala. 162, at page 166, 167, 59 So. 160, 161, that "The cause of action, against the taking away of which by the Legislature sec-

tion 95 of the Constitution provides, necessarily comprehends only causes of action arising out of the violation of vested legal rights of some description," and, on page 165 of 177 Ala., 59 So. 160, it is said: "If there is no contract involved, no vested right, one Legislature's action cannot bind another." And in Blake v. State, 178 Ala. 407, 59 So. 623, it is said that the repeal of a statute makes it stand as though it never existed except as to vested rights, and that the Legislature has full power to take away rights conferred by statute which have not become vested, and if there is no saving clause as to pending proceedings they fall with the statute which authorized them.

A right of action created by statute is not vested by the institution of a suit. Luke v. Calhoun County, 56 Ala. 415. Those principles are referred to in First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690.

Rights created by the Legislature which are not effective as a contract do not become vested by a suit to enforce them until a judgment has been rendered.

Applying those principles to the situation in the instant suit, we find that no vested cause of action was created by law in favor of appellant, and that the right to present and have its claim heard, and if within the statute allowed and paid, was not a contract right, though the claim arose out of contract, but a privilege conferred, and did not become vested so as to destroy the right of the Legislature at a later date to annul it as a claim against the appropriation.

But it is insisted that the amendatory act of March 1, 1937, violates section 45, Constitution, in so far as it may relate to causes then pending, because there is no indication in the title that it is to have a retroactive effect. The title is that it is an amendment of section 2 of the act of 1935. It gives no indication of what may be the nature of the proposed amendment. So that it must be germane to that section of the original act, and section 45 is satisfied in that respect if it is thus germane. Kendrick v. State, 218 Ala. 277, 120 So. 142; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304, and cases there cited.

Section 2 of the original act prescribed the powers and jurisdiction of the board, and described the nature of claims which were made subject to the appropriation. The amendment here important provided that the board should not have jurisdiction over certain classes of claims which may have been included in the original section 2. It simply destroyed a privilege regardless of its status at the time of the enactment or when it arose. It in fact relates to the power and jurisdiction of the board extending in the future with respect to a certain class of claims. All of this was in exact accord with the subject of section 2 which it amended. We think that section 45, Constitution, was not violated in this respect.

This case was given consideration before the writer had the opportunity of reading that written by Justice Bouldin in Dunn Construction Co. v. State Board of Adjustment, ante, p. 372, 175 So. 383. But that opinion is to the same conclusion here reached.

As there pointed out, there is no need to consider other questions which would be necessary if we had reached a different conclusion on the one which we have here considered.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.