HOLMES, Judge.
This appeal raises the question of whether the State of Alabama Board of Adjustment (Board) is subject to the provisions of the Alabama Administrative Procedure Act (AAPA), which is codified at Ala. Code (1975), §§ 41-22-1 through -27.
Medical Laundry Service (MLS) filed a claim with the Board, by which it sought damages from the University of Alabama in Birmingham for the latter’s allegedly wrongful termination of a laundry service contract between it and MLS. The Board denied MLS’s claim.
Thereafter, MLS filed a petition in the Tuscaloosa County Circuit Court for judicial review of the Board’s decision pursuant to the AAPA. The Board filed a motion to dismiss, contending that the circuit court lacked jurisdiction because the AAPA does not apply to the Board. The circuit court agreed with the Board and dismissed the suit.
MLS appeals to this court. We affirm.
The AAPA provides “a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public.” Ala. Code (1975), § 41-22-2(a) (emphasis supplied). A state agency subject to the provisions of the AAPA is defined in Ala. Code (1975), § 41-22-3(1):
“AGENCY. Every board, bureau, commission, department, officer, or other administrative office or unit of the state, other than the legislature and its agencies, the water improvement commission, the air pollution control commission, the division of solid and hazardous wastes of the Alabama department of public health and Alabama state docks, the courts or the Alabama public service commission or the state banking department, whose administrative procedures are governed by sections 5-2A-8 and 5-2A-9. The term shall not include boards of trustees of postsecondary institutions, counties, municipalities, or any agencies of such local governmental units, unless they are expressly made subject to this act by general or special law.”
(Emphasis supplied).
The Board contends that it is not subject to the AAPA because it is an agency of the state legislature and is thus specifically excepted from the definition of an agency to which the AAPA applies. Such was the conclusion of the circuit court in dismissing the suit. We agree.
The AAPA does not enumerate the types of bodies which are included within the meaning of an agency of the legislature for purposes of § 41-22-3(1). We must, therefore, refer to the law which created the Board and to the decisions of our supreme court to determine if the Board is an agency of the legislature.
The Board was created by act of the legislature in 1935 “to provide a method of payment by the state of Alabama ... to persons for injuries to person or property or for death occasioned by the state of Alabama ... where in law, justice or good morals the same should be paid.” Ala. Code (1975), § 41-9-60. Because article I, section 14 of the Alabama Constitution prohibits all suits against the state and its agencies, the Alabama Supreme Court in 1937 held that the Board had no jurisdiction over claims against the state which were analogous to suits against the state. Dunn Const. Co. v. Board of Adjustment, 234 Ala. 372, 376, 175 So. 383, 386 (1937). The authority of the Board, therefore, does not extend to any matter of which courts have jurisdiction. Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775 (1942).
In at least three decisions early in the life of the Board, the Alabama Supreme Court recognized that the Board is an instrument or agency of the legislature. In John E. Ballenger Const. Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387 (1937), the claimant filed a petition in the circuit court for a writ of mandamus to compel the Board to hear its claim for damages arising from breach of its contract with the state highway department. In affirming the denial of the writ, the *1307 Alabama Supreme Court held that the power of the Board was “predicated upon the right of the Legislature to confer upon an administrative commission or board the authority for it to act in respect to details not convenient to be done by the Legislature in session.” Ballenger Const. Co., 234 Ala. at 379, 175 So. at 389 (emphasis supplied). The court further held that the status of a claimant who is successful before the Board “is as though the Legislature had passed an act appropriating that amount to be paid him out of the treasury.” Ballenger Const. Co., 234 Ala. at 380, 175 So. at 389.
Thus, the Alabama Supreme Court viewed the Board as merely an arm of the legislature. In State ex rel. McQueen v. Brandon, 244 Ala. 62, 68, 12 So.2d 319, 325 (1943), the court stated that “the state board of adjustment acts as a fact-finding body for the legislature....”
Again in Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775 (1942), the Alabama Supreme Court had occasion to address the question of the authority of the Board. The court held:
“The authority of the Board of Adjustment is to act for the Legislature on facts found by the board within defined limits, when no court has jurisdiction, but when one of the State agencies has so acted as to create a moral obligation which should be discharged as a public duty. The board does not sit as a court and does not legislate. But the Legislature makes the appropriation and imposes the duty on the board to find facts and draw deductions within defined limitations. The legislative act then operates upon that finding.”
Hawkins, 242 Ala. at 548, 7 So.2d at 777 (emphasis supplied).
We find the above cases to be dispositive. The Board’s powers and duties have changed little, if any, since its creation. The Board continues to be an agency of the legislature. As such, it is not an agency which is subject to the provisions of the AAPA. Ala. Code (1975), § 41-22-3(1). The circuit court, therefore, correctly dismissed MLS’s petition to review the Board’s decision, since it was brought pursuant to the AAPA.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.