840 F.2d 840
 45 Ed. Law Rep. 81
 MEDICAL LAUNDRY SERVICE, A DIVISION OF OPLCO, INC.,
Plaintiff-Appellant,
v.
The BOARD OF TRUSTEES OF the UNIVERSITY OF ALABAMA,
BIRMINGHAM; S. Richardson Hill, both as an individual and
in his capacity as President of the University of Alabama
("UAB"); Dennis Sanchez, both as an individual and in his
official capacity as Assistant Director of the Department of
Pharmacy at UAB; Vance Alexander, both as an individual and
in his official capacity as Associate Director of the
Department of Pharmacy at UAB; Herman Lazarus, both
individually and in his official capacity as Director of the
Department of Pharmacy at UAB; James E. Moon, both
individually and as Administrator of the University of
Alabama Hospitals; Bob Cummings, both individually and as
Associate Director of Purchasing at UAB; Clark Taylor, both
individually and in his official capacity as Associate
Administrator for Operations at UAB; Lester Elliot, both
individually and in his official capacity as Supervisor of
the Linen Service Department at UAB; Martin Novak, both
individually and in his official capacity as Assistant
Administrator for Operations of UAB; et al., Defendants-Appellees.
 No. 86-7852.
 United States Court of Appeals,
Eleventh Circuit.
 March 23, 1988.
 
 Fred McCallum, Jr., Lange, Simpson, Robinson & Somerville, Richard Patrick Carmody, Birmingham, Ala., for plaintiff-appellant.
 Ina B. Leonard, Office of Counsel, Katherine S. Weed, Birmingham, Ala., for Board of Trustees of the University of Alabama, et al.
 Leura J. Garrett, Asst. Atty. Gen., Montgomery, Ala., amicus for the State of Ala.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, Chief Judge, ANDERSON, and EDMONDSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue to be addressed in this opinion is whether plaintiff has a legally protected property interest, which is a prerequisite to plaintiff's procedural due process claim brought pursuant to 42 U.S.C. Sec. 1983. In order to establish a procedural due process claim under the Fourteenth Amendment for deprivation of property, plaintiff must show that its contract with the state constitutes a protected property interest.
 
 
 2
 Plaintiff Medical Laundry Service held a contract with the University of Alabama in Birmingham for provision of laundry services to University hospitals in Birmingham. The contract was terminated by the Board of Trustees of the University of Alabama approximately one month after performance under the contract had begun. Plaintiff brought suit against the Board of Trustees of the University of Alabama and hospital officials (hereafter referred to collectively as the "State") for violation of plaintiff's procedural and substantive due process rights under Sec. 1983. The district court granted the State's motion for summary judgment on both counts. We find no merit in plaintiff's substantive due process claim and affirm without further discussion the district court's grant of summary judgment on that claim.
 
 
 3
 The scope of plaintiff's property interest under Sec. 1983 is defined by state law. Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Article I, Sec. 14 of the Constitution of the State of Alabama provides: "That the State of Alabama shall never be made a defendant in any court of law or equity." The State argues that plaintiff cannot enforce its contract, Hutchinson v. Board of Trustees of the University of Alabama, 288 Ala. 20, 256 So.2d 281 (1971), and thus plaintiff has no enforceable property interest. Without a property interest, plaintiff's procedural due process claim would fail. Board of Regents v. Roth, 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972).
 
 
 4
 The district court, adopting this argument, entered summary judgment for defendant. We reverse.
 
 
 5
 Although the Alabama Constitution makes the instant contract unenforceable "in any court of law or equity," Alabama has established a Board of Adjustment with jurisdiction to hear such claims. Section 41-9-68(a) of the Code of Alabama provides in relevant part:
 
 
 6
 When claims are ... presented to the board of adjustment ... it is directed to determine the amount of the ... damage arising from contract ... and to award and find the person entitled to payment and the amount, if any, which should be paid....
 
 Section 41-9-69 provides:
 
 7
 The board of adjustment in its findings of facts and its findings and awards as to the amount of payment may also find the agency, commission, board, institution or department of the state of Alabama which inflicted the injury or damage complained of, if it finds there is injury or damage done to persons or property, and may adjudge and find that said damage shall be paid out of the appropriation made to the agency, commission, board, institution or department of the state of Alabama whose employees, servants, agents or instrumentalities inflicted the damages and injuries complained of; provided, that the board of adjustment may order the payment of any claim out of any fund or funds appropriated for the purposes of this division.
 
 Section 41-9-72 provides:
 
 8
 The treasurer of the state of Alabama is authorized and directed to pay the warrants of the comptroller, drawn pursuant to the findings and awards of the board of adjustment out of any money in the treasury of the state of Alabama as directed by such findings and awards.
 
 
 9
 Although the plaintiff cannot enforce its contract in any court of law or equity, Alabama has provided an administrative procedure to "adjust" plaintiff's contract claim. The State argues that the remedy afforded by the Board of Adjustment is a mere privilege, a matter of legislative grace. John E. Ballenger Construction Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387 (1937). However, the Supreme Court has expressly rejected the State's proposed distinction between a "right" and a privilege. In Board of Regents v. Roth, 408 U.S. at 571, 92 S.Ct. at 2706, 33 L.Ed.2d 548 (1972), the Court stated: "[T]he court has fully and finally rejected the wooden distinction between 'rights' and 'privileges' that once seemed to govern the applicability of procedural due process." In Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), the Court held:
 
 
 10
 We have made clear in Roth, supra [408 U.S.] at 571-72 [92 S.Ct. at 2706], that "property" interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings."
 
 
 11
 We conclude that the provisions whereby the Board of Adjustment "adjusts" claims is just such a set of rules securing plaintiff's interest in the instant contract. The fact that the Supreme Court of Alabama has referred to the Board of Adjustment procedures as a mere matter of grace, Ballenger, supra 175 So. at 390, does not alter our conclusion. The language of the Alabama statute directs the Board of Adjustment to determine the amount of damage and directs the treasurer of the state of Alabama to pay pursuant to the awards of the Board. Ala.Code Sec. 41-9-68(a), Sec. 41-9-72 (1975). The State has referred us to no authority suggesting that the Board of Adjustment makes determinations in a completely arbitrary manner, and we see no reason to assume that it does.[1]
 
 
 12
 With respect to plaintiff's substantive due process claim, the district court's grant of summary judgment is affirmed. With respect to plaintiff's procedural due process claim, the district court's grant of summary judgment is reversed.[2]
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 RONEY, Chief Judge, dissenting:
 
 14
 Since plaintiff's claim is nothing more than a claim for breach of contract, I respectfully dissent from the decision that plaintiff has stated a cause of action under Section 1983 for violation of its procedural due process rights.
 
 
 15
 Plaintiff's Section 1983 claim is predicated on dual assertions: that its contract with the State created a property interest cognizable under the Fourteenth Amendment and that, given the existence of this property right, the State could not terminate the contract without holding a predeprivation hearing.
 
 
 16
 The plaintiff contends that the contract between plaintiff and the State created a property interest because Alabama law provides a remedy, albeit a very limited one, against the State when it breaches an agreement. The argument is that any time one has an enforceable contract to which the State is a party, there is constitutionally protected property interest under that contract. This broad interpretation of what constitutes a federally protected property interest is inconsistent with the concept that "the Fourteenth Amendment was not intended to shift the whole of the public law of the states into the federal courts." Brown v. Brienen, 722 F.2d 360, 364 (7th Cir.1983). Section 1983 relief is predicated on a denial of a right or interest protected by the Constitution. Baker v. McCollan, 443 U.S. 137, 138-40, 99 S.Ct. 2689, 2691-93, 61 L.Ed.2d 433 (1979).
 
 
 17
 The cases are legion which hold that a simple breach of contract by the State does not rise to the level of a constitutional deprivation. See, e.g., Braden v. Texas A & M University System, 636 F.2d 90, 93 (5th Cir. Unit A Feb. 1981) ("If the State had merely breached a contract with [plaintiff] he would have no cause of action under Section 1983."); Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir.1987) ("A contract dispute ... does not give rise to a cause of action under Section 1983."); Boston Environmental Sanitation Inspectors Ass'n v. City of Boston, 794 F.2d 12, 13 (1st Cir.1986) ("[A]n alleged breach of contract does not amount to a deprivation of property without due process actionable under Sec. 1983."); Sudeikis v. Chicago Transit Authority, 774 F.2d 766, 770 (7th Cir.1985) ("It has long been settled that a mere breach of contract by the government does not give rise to a constitutional claim."); Jimenez v. Almodovar, 650 F.2d 363, 370 (1st Cir.1981) ("A mere breach of contractual right is not a deprivation of property without constitutional due process of law.... Otherwise virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case.").
 
 
 18
 The plaintiff does not allege that its contract was terminated because it had engaged in some constitutionally protected activity. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1973); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581 (1972).
 
 
 19
 There is no federal constitutional law which requires a State to provide any particular kind of due process to the persons or entities with whom it contracts, absent some deprivation by the State of a federally protected right or interest. The right to or interest in a continued contract without a breach by the State is not within the scope of federal constitutional protection.
 
 
 20
 I would affirm the summary judgment by the district court in favor of defendants.
 
 
 
 [1]
 The law is clear that decisions of the Board of Adjustment are not appealable. Moody v. University of Alabama, 405 So.2d 714 (1981). The fact that its decisions are not appealable does not mean that the Board does not conduct its business in a fair and reasoned manner. In fact, it is directed to follow as a guide the rules of negligence and workmen's compensation, when applicable. See Ala.Code Sec. 41-9-68(a)
 
 
 [2]
 Other issues, including res judicata, collateral estoppel and the application of Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), were neither addressed by the district court nor briefed on appeal, and therefore should be addressed initially on remand
 With respect to Chief Judge Roney's dissent, we agree that a breach of contract is not, in and of itself, a constitutional violation. Although contract rights can be property, a breach of contract by a state does not necessarily amount to a deprivation of property without due process of law. Because we have had no briefing about what process was due to this plaintiff on the termination of the contract or whether Alabama provided due process or denied due process to this plaintiff, we leave it to the district court on remand to consider those questions.