**KEY WEST HARBOUR DEVELOP-MENT CORPORATION, Plaintiff,**

v.

**CITY OF KEY WEST, FLORIDA, Tom Sawyer, Mayor of the City of Key West; City Commissioners George Halloran, Sally Lewis and Jimmy Weekley, individually and in their own official capacities; the Key West Redevelopment Agency, Charles Majors, Chairman of the Key West Redevelopment Agency; Lou Hernandez, Treasurer of the Key West Redevelopment Agency; and Bob Kruse, Vice Chairman of the Key West Redevelopment Agency, individually and in their official capacities, Defendants.**

**No. 90–10027–CIV.**

United States District Court, S.D. Florida.

May 22, 1990.

Joel Hirschhorn, Broad & Cassel, Miami, Fla., for plaintiff.

Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for defendants City, Sawyer, Halloran, Lewis and Weekley.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

Defendants City of Key West, Tom Sawyer, George Halloran, Sally Lewis and Jimmy Weekley move this court to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff claims a violation of 42 U.S.C. § 1983—for deprivation of a constitutionally protected property right without due process under color of law—and conspiracy to commit such a violation. All defendants contend that plaintiff fails to state a claim for a constitutionally protected property interest in Counts I and II, and defendants Sawyer, Halloran, Lewis and Weekley claim absolute legislative immunity from suit for the conduct complained of.

## I. BACKGROUND

This action arises out of a course of dealing with and contract among defendants City of Key West, city commissioners and Key West Redevelopment Agency ("Redevelopment Agency") officers and plaintiff Key West Harbour Development Corporation ("plaintiff"). Defendants implemented a Community Redevelopment Plan ("Redevelopment Plan") pursuant to Florida Statutes § 163.330 *et seq.* (1989) on March 3, 1980. The Redevelopment Plan sought to renovate and revive the Truman Annex area of Key West. To effectuate the Redevelopment Plan, on October 9, 1980, the City Commission engaged plaintiff to do preliminary studies. Subsequently, on July 11, 1982, defendant Redevelopment Agency contracted with plaintiff to be the "master developer" of certain land in Key West. The City Commission of the City of Key West ("City Commission") later ratified the substance of this contract by resolution in June 1985. On February 25, 1986, the City Commission held a special meeting, on one-day's notice and without notice of its substance, during which the City Commission proposed and passed a rescission of the Redevelopment Plan. The demise of the Redevelopment Plan also nullified all contracts and expectancies developed under its aegis, including those held by plaintiff. Plaintiff now brings this action pursuant to 42 U.S.C. § 1983, and under state law, against the City of Key West, certain city commissioners, the Redevelopment Agency and certain of its officers. As the base of its federal law violation for § 1983, plaintiff alleges that defendants acted to deprive it of its constitution-

ally protected property rights without due process of law.

## II. STANDARD

On a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, the court must, "at this stage of the litigation, ... accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## III. LEGISLATIVE IMMUNITY

■ Defendants Sawyer, Halloran, Lewis and Weekley claim absolute legislative immunity for their actions. Absolute legislative immunity from suit pertains if defendants' "challenged conduct furthers legislative duties." *Baytree of Inverrary Realty v. City of Lauderhill*, 873 F.2d 1407, 1409 (11th Cir.1989) (applying Florida law) (citing *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir.1982), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983)).

■ Defendant Sawyer was, at all relevant times, the Mayor of the City of Key West; defendants Halloran, Lewis and Weekley were members of the City Commission. Defendants claim that they had legislative power, as the City Commission, to rescind the redevelopment plan, *see* Fla. Stat. § 163.358 (1989); the relevant statutory section provides: the municipality's governing body shall continue to have "[t]he power to determine an area ... [and] to designate such area as appropriate for community redevelopment; and to hold any public hearings required with respect thereto ... [and] to grant final approval to community redevelopment plans and modifications thereof." *Id.* As members of the City Commission, defendants took official action to rescind the controverted Redevel-

opment Plan. Defendants' action in voting to rescind the redevelopment plan falls within the scope of legislative immunity, as outlined above. *See Baytree of Inverrary Realty v. City of Lauderhill*, 873 F.2d 1407, 1409 (11th Cir.1989).

The court must inquire further, however, as to whether defendants' conduct surrounding the actual vote, as alleged and taken as true for purposes of this motion to dismiss, falls within the purview of furthering their legislative duties. The substance of the alleged property deprivation under § 1983 lies in defendants' actions, taken with preconceived motive and without proper procedures, in their legislative capacities. First, as to defendants' motives, the court may not delve into the motives of legislative officials for actions taken within their authority. *See Barr v. Matteo*, 360 U.S. 564, 569–73, 79 S.Ct. 1335, 1338–40, 3 L.Ed.2d 1434 (1959); *Baytree of Inverrary Realty v. City of Lauderhill*, 873 F.2d 1407, 1409 (11th Cir.1989) (court afforded members of a city council absolute legislative immunity for their allegedly racially motivated denial of a rezoning application).

Second, plaintiff argues, however, that defendants transcended their official authority to act by failing to follow established commission procedures. Both the Supreme Court in *Barr v. Matteo* and the Eleventh Circuit in *Baytree* assumed that defendant officials had followed otherwise proper procedures before they went forward with protected conduct. *See Barr v. Matteo*, 360 U.S. at 573–75, 79 S.Ct. at 1340–41; *Baytree*, 873 F.2d at 1408–09. In *Barr v. Matteo*, the Supreme Court left open the possibility that legislators could have liability for actions taken not for the "public good," but for their "private indulgence," *see Barr*, 360 U.S. at 575, 79 S.Ct. at 1341 ("[l]egislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good"), and without "the outer perimeter of [the legislators'] line of duty." *Id.* Moreover, the Eleventh Circuit in *Baytree* granted the city council absolute legislative immunity only to the extent that "their challenged

conduct furthers legislative duties." *Baytree*, 873 F.2d at 1408. The court cannot describe the failure to follow prescribed rules of procedure when dealing with protected property rights as a furtherance of the public good or legislative duties. Defendants must justify their conduct which derogated from established process; to hold otherwise would be to grant officials the authority to take any action and breach any law. Defendants Sawyer, Halloran, Lewis and Weekley's motion to dismiss on grounds of their absolute legislative immunity is therefore denied.

## IV. FAILURE TO STATE A § 1983 CLAIM

■ Defendants contend that plaintiff has failed to state a claim under 42 U.S.C. § 1983 in that plaintiff possesses no constitutionally protected property right on which to base its claim of a procedural due process violation. To state a procedural due process violation, plaintiff must establish that he has "an entitlement grounded in state law which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sinderman*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). The Eleventh Circuit has recognized that a plaintiff has a procedural due process property right when state law provides for certain procedures that a state must follow before it can breach an ordinary economic contract. *See Medical Laundry Service v. Board of Trustees*, 840 F.2d 840 (11th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 77, 102 L.Ed.2d 53 (1988).

In this case, plaintiff had a contract with defendant Redevelopment Agency, which the City Commission later ratified by resolution (Resolution 85–107). Plaintiff's contract with the Redevelopment Agency came about pursuant to a Redevelopment Plan, which the City Commission had adopted in 1980. Redevelopment Plans are a creature of state statute. *See* Fla.Stat. § 163.330 *et seq.* (1989). The Florida Statutes provide for the modification of Redevelopment Plans, but do not specify procedures a governing body should follow in the event that it chooses to rescind such a plan. *See id.* To modify Redevelopment Plans, governing bodies must

> hold a public hearing on a proposed modification of a community redevelopment plan after public notice thereof by publication in a newspaper having a general circulation in the area of operation of the agency [and that] [i]f a community redevelopment plan is modified by the county or municipality after the lease or sale of real property in the community redevelopment area, such modification may be conditioned upon such approval of the owner, lessee, or successor in interest as the county or municipality may deem advisable and, in any event, shall be subject to such rights at law or in equity as a lessee or purchaser, ... may be entitled to assert.

Fla.Stat. § 163.361 (1989). Thus, in the case of modification, Florida law mandates that a local governing body give proper notice and hold a public hearing. In addition, the law anticipates at least some participation by lessees in a modification decision.

The court does not find the lack of reference to the situation of rescission in the Florida Statutes dispositive where the Florida legislature has manifested an intent to provide process in less severe circumstances. Moreover, that plaintiff's contract with defendants was not a lease or explicitly contained in the Redevelopment Plan itself does not take it out of the procedural protections afforded. That process naturally encompasses contracts integrally related to the plan and dependent for their existence upon the continued validity of the Redevelopment Plan. In light of the rules and understandings between itself and the City Commission, plaintiff had some entitlement to continued enjoyment of its contract—of which the City Commission could not deprive it without some notice or hearing.

This case falls within the holdings of *Perry v. Sinderman* and *Medical Laundry Service;* plaintiff had a constitutionally protected property right in its contract with the City which could not breached by summary repeal of the Redevelopment Plan without due process of law. Plaintiff has stated a claim and defendants' motion to dismiss is denied.

Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that defendants' motion to dismiss is hereby DENIED.

DONE and ORDERED.