MEDICAL LAUNDRY SERVICES, A DIVISION OF OPLCO, INC., Plaintiff–Appellant,

v.

The BOARD OF TRUSTEES OF the UNIVERSITY OF ALABAMA; S. Richardson Hill, both as an individual and in his official capacity as President of the University of Alabama in Birmingham ("UAB"); Dennis Sanchez, both as an individual and in his official capacity as Assistant Director of the Department of Pharmacy at UAB; Vance Alexander, both as an individual and in his official capacity as Associate Director of the Department of Pharmacy at UAB; Herman Lazarus, both individually and in his official capacity as Director of the Department of Pharmacy at UAB; James E. Moon, both individually and as Administrator of the University of Alabama Hospitals; Bob Cummings, both individually and as Associate Director of Purchasing at UAB; Clark Taylor, both individually and as Associate Administrator for Operations at UAB; Lester Elliot, both individually and in his official capacity as Supervisor of the Linen Service Department at UAB; Martin Novak, both individually and in his official capacity as Assistant Administrator for Operations at UAB; et al., Defendants–Appellees.

No. 89–7686.

United States Court of Appeals, Eleventh Circuit.

July 19, 1990.

Richard P. Carmody, Bruce T. Russell, Peyton Lacy, Jr., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for plaintiff-appellant.

Ina B. Leonard, Edward J. Kennedy, III, University of Alabama System, Office of Counsel, Birmingham, Ala., for defendants-appellees.

Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

The issue in this appeal is whether the district court erred in granting defendants' motion for summary judgment on the basis that the appellant Medical Laundry Service's alleged injuries stated no claim under 42 U.S.C. § 1983 for deprivation of a property interest, but were based only on breach of contract. Appellant had a low bid contract with the Trustees of the University of Alabama for hospital laundry linen service. The contract was cancelled by the State three weeks after it was signed due to alleged deficiencies in performance by Medical Laundry that were not remedied. Medical Laundry sought relief through the State's Board of Adjustment claims procedure. The Board found 2 to 1 in favor of the State. Appellant then brought its Section 1983 suit. The district court granted summary judgment to the defendants who were sued in their individual and official capacities, holding that there was no enforceable legally protected "prop-erty right" in the contract under state law. Medical Laundry appealed and we reversed, holding that appellant's property interest in the contract was secured through the statutory Board of Adjustment procedure. *Medical Laundry Service v. University of Alabama*, 840 F.2d 840 (11th Cir.1988) (per curiam). Chief Judge Roney dissented, and on modification the court stated, "we probably would agree with Chief Judge Roney's resolution of this case" on the basis of a simple breach of contract not rising to the level of a constitutional deprivation, but because the issue had not been raised or briefed on appeal, we stated that "we prefer that the issue be addressed and decided in the first instance by the district court on remand." *Medical Laundry Service v. University of Alabama*, 856 F.2d 128, 129 (11th Cir.1988) (per curiam). On remand, the district court granted summary judgment to the defendants, finding that the action was a simple breach of contract not rising to the level of a constitutional deprivation. We affirm.

Because the current appeal is etched over this prior history: coming once before to this court and being subject to one decision recognizing the existence of a property right in the contract with the State, a dissent, and a modification by the court deleting and substituting footnote 2, and stating probable agreement with the dissent; the law of the case doctrine has been raised as an issue. Appellant contends that the prior opinion of this court, 840 F.2d 840, established the existence of a property right. Therefore, it is argued that the law of the case doctrine has been violated by the district court in disregarding this court's holding that the Alabama legislature had established a constitutionally protected property interest in this type of public contract. Appellees contend that this court's modified opinion, 856 F.2d 128, had the effect of vacating any portion of the original opinion inconsistent with the dissent. In our view, the question of a simple breach of contract as a basis for a Section 1983 action did not arise on the first appeal.

The stated preference of this court for "the issue to be addressed and decided in the first instance by the district court on remand," places the matter in its present posture. The law of the case doctrine does prevent the district court from ignoring the mandate of the appellate court on remand. *See Stevens v. Gay,* 864 F.2d 113, 116 (11th Cir.1989) (citing *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1511 (11th Cir.1987) (en banc), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988)). As in *Stevens,* the scope of the mandate on remand permitted consideration of clearly defined issues and was not ignored or exceeded by the district court. The determination of this court with respect to unenforceability of the State contract versus a statutory adjustment of claim in no manner required a preordained conclusion by the district court to accept appellant's position on an actionable due process violation on remand. In the original opinion, this court rejected the reasoning that the unenforceability of the contract against the State leads to the conclusion that there is no property interest. That ruling, and no more, was the extent of our position on the issues which were to be more fully addressed on remand.

 Section 1983 relief is predicated on a denial of a right or interest protected by the Constitution. 840 F.2d at 843 (Roney, Ch.J., dissenting) (citing *Baker v. McCollan,* 443 U.S. 137, 138–40, 99 S.Ct. 2689, 2691–93, 61 L.Ed.2d 433 (1979)). The denial of procedural due process when a legally protected property interest is at stake is asserted by appellant, and the alleged error is the district court's characterization of the claim as a breach of contract outside the scope of a Section 1983 action.[1] As was noted by Chief Judge Roney, in dissent, the broad interpretation that "any time one has an *enforceable* contract to which the State is a party, there is constitutionally protected property interest under that contract ... is inconsistent with the concept" of the Fourteenth Amendment. *Id.* at 842. The dissent anticipates the proper result, based on well-established doctrine,[2] premised on the principle enunciated by the district court on remand: "a simple breach of contract does not rise to the level of a constitutional deprivation."

Accordingly, the district court's order is AFFIRMED.

---

1. While appellant alleges procedural inadequacy in the termination of the contract and unfairness in treatment to be the basis of denial of due process, our resolution of this matter affirming the granting of summary judgment renders moot all related issues including qualified immunity of the defendants under the Civil Rights Act of 1964 and *ex parte* contacts alleged to have occurred between the University president and members of the Board of Adjustment.

2. The citation of cases which hold that a simple breach of contract by the State does not rise to the level of a constitutional deprivation, more than adequately covered in the dissent, 840 F.2d at 843, need not be repeated here.