Charles **SHERMAN**, Appellant,

v.

**CURATORS OF the UNIVERSITY OF MISSOURI, Appellee.**

**No. 93–2748.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1994.

Decided Feb. 14, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 22, 1994.

Counsel who presented argument on behalf of the appellant was Ronald F. Bunn of Columbia, MO. Loramel P. Shurtleff also of Columbia, appeared on the brief.

Counsel who presented argument on behalf of the appellee was Susan Ford Robertson of Columbia, MO. Marvin E. Wright and Jeffrey H. Blaylock also of Columbia, appeared on the brief.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The University of Missouri hired Charles Sherman as an assistant professor of journalism in 1989, then fired him approximately four years later. Following his termination, Sherman sued the University through its Curators seeking damages on breach of contract and promissory estoppel theories.[1] The Curators moved immediately to dismiss the action, asserting that the eleventh amendment barred Sherman from bringing suit against the University in federal court. The district court granted the Curators' motion and dismissed the case.

---

1. We use the names "Curators" and "University" interchangeably in this opinion, but add the following clarification. Sherman brought this action against the University, and properly styled his suit "Sherman v. Curators of the University of Missouri" in accordance with Missouri law titling the University, as a public corporation, "Curators of the University of Missouri". Mo. Rev.Stat. § 172.020. Importantly, Sherman is not suing the Curators as individuals. Thus we need not pursue the distinction under the eleventh amendment between suits against government representatives acting in their official capacity as opposed to their personal capacity. *Cf. Dube v. State Univ. of New York*, 900 F.2d 587, 595 (2d Cir.1990) (eleventh amendment immunizes state officials acting in official capacity except for suits seeking to enjoin unconstitutional conduct; amendment provides no immunity for state official's action in personal capacity), *cert. denied*, —— U.S. ——, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991).

Sherman now appeals, challenging the district court's method of analyzing the eleventh amendment immunity question. Specifically, Sherman contends that the district court erred by failing to consider whether the University maintained non-state funds out of which a judgment in his favor could be paid. We now reverse and remand this case for further proceedings.

## I. BACKGROUND

In 1988 the University's School of Journalism contacted Sherman, then working at the Paris office of the International Herald Tribune, regarding an open position as an untenured assistant professor. In 1989 Sherman accepted an offer to teach at the University and commenced doing so during the winter term. The University terminated Sherman in 1993.

The parties entered into no formal written contract. Instead, Sherman now sues based on promises contained in two letters from George Kennedy, the School of Journalism's Associate Dean.

Sherman contends that Kennedy's offer letters contained specific conditions of employment and that Sherman relied on those representations in deciding to leave his higher-paid position in Paris and accept the professorship. Most importantly, Sherman alleges that Kennedy's letters included a promise that as an assistant professor, Sherman would have six years to demonstrate his qualifications for tenure.

■ Following his termination, Sherman moved to Wisconsin. He then filed this diversity action against the University on breach of contract and promissory estoppel theories.[2] Specifically, Sherman alleged that the University breached the stated (or reasonably implied) terms of its initial employment offer by failing to permit him six full years to establish tenure qualifications. Sherman also alleged that he relied to his detriment on other unfulfilled promises relat-

ing to research support and classroom scheduling.

The Curators moved for dismissal of Sherman's action based on eleventh amendment immunity. The Curators submitted suggestions in support of their motion, and Sherman submitted suggestions in opposition. Sherman's suggestions in opposition to the motion included factual allegations about the University's numerous non-state revenue sources, and its overall level of autonomy from the State. Appellant's Appendix at 24.

The district court granted the Curators' motion and dismissed the case. Relying on provisions of the Missouri Constitution and state statutes, as well as *Hoferek v. University of Missouri*, 604 F.Supp. 938 (W.D.Mo. 1985), the district court stated: "Defendant is an instrumentality of the State of Missouri. This Court has previously found that defendant enjoys Eleventh Amendment immunity." Order (6/8/93) at 1 (internal citations omitted). Sherman timely appealed the dismissal.

## II. DISCUSSION

■ Sherman contends that the district court erred in failing to properly analyze the issue of whether the University shares in the State of Missouri's eleventh amendment immunity.

■ The eleventh amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. While the eleventh amendment bars private parties from suing a state in federal court, state-connected entities or subdivisions do not always share in their state's immunity. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471

---

2. Sherman alleged jurisdiction under the diversity statute, 28 U.S.C. § 1332. The University does not dispute that Sherman meets the amount in controversy and diverse residency requirements.

We note that the University's sovereign immunity in state court is not at issue here; both parties agree that Sherman could bring his claims in state court, and that Missouri's sovereign immunity does not apply to contract cases in federal court. Thus, if the University does not share in the state's *eleventh amendment* immunity, Sherman is entitled to a federal forum under 28 U.S.C. § 1332(a)(1).

(1977) (eleventh amendment bar to suit in federal courts extends to states and state officials in appropriate circumstances, but not to counties and similar municipal corporations). Courts considering an entity's claim of eleventh amendment immunity must therefore determine " 'whether the suit is in reality a suit against the state.' " *Greenwood v. Ross,* 778 F.2d 448, 453 (8th Cir.1985) (quoting *Laje v. R.E. Thomason Gen. Hosp.,* 665 F.2d 724, 727 (5th Cir.1982)). In making this determination courts consider as a critical factor whether any judgment rendered against the entity would ultimately come out of state funds. *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974).

■ Federal courts have confronted with some regularity the question of whether state universities share in their respective state's eleventh amendment immunity; the vast majority of courts have found that they do.[3] The fact that an overwhelming majority of state universities possess eleventh amendment immunity, however, does not control the outcome of this appeal. Each state university claiming eleventh amendment immunity " 'must be considered on the basis of its own particular circumstances.' " *Greenwood,* 778 F.2d at 453 (quoting *Soni v. Board of Trustees of Univ. of Tennessee,* 513 F.2d 347,

352 (6th Cir.1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976)).

In *Greenwood,* we reviewed a district court finding that the University of Arkansas at Little Rock shared in the State of Arkansas' eleventh amendment immunity. "[U]nable to determine ... the basis for [the district court's] decision," *Greenwood,* 778 F.2d at 454, from its one-sentence opinion, we remanded for more detailed findings. We further established a framework for determining whether the eleventh amendment applies to a subdivision of the state:

'Courts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury.'

*Id.* at 453 (quoting *Laje,* 665 F.2d at 727).

Sherman contends that the district court failed to analyze whether the University maintains non-state funds out of which the judgment could be paid, and failed to consider the University's overall degree of autonomy from the State of Missouri. We agree that the analysis reflected in the district court's Order fails to meet the demands of *Greenwood.* Nothing in the district court's Order indicates that the court considered Sherman's factual allegations about the Uni-

**3.** Among the many appellate decisions finding state universities or colleges immune from suit under the eleventh amendment are: *Lassiter v. Alabama A & M Univ., Bd. of Trustees,* 3 F.3d 1482 (11th Cir.1993); *Hutsell v. Sayre,* 5 F.3d 996 (6th Cir.1993) (University of Kentucky); *Kaimowitz v. Board of Trustees of Univ. of Illinois,* 951 F.2d 765 (7th Cir.1991); *Dube v. State Univ. of New York,* 900 F.2d 587 (2d Cir.1990); *BV Eng'g v. University of California, Los Angeles,* 858 F.2d 1394 (9th Cir.1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 859 (1989); *Richard Anderson Photography v. Brown,* 852 F.2d 114 (4th Cir.1988) (Radford University), *cert. denied,* 489 U.S. 1033, 109 S.Ct. 1171, 103 L.Ed.2d 229 (1989); *Estate of Ritter by Ritter v. University of Michigan,* 851 F.2d 846 (6th Cir. 1988); *Kashani v. Purdue Univ.,* 813 F.2d 843 (7th Cir.), *cert. denied,* 484 U.S. 846, 108 S.Ct. 141, 98 L.Ed.2d 97 (1987); *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299 (6th Cir. 1984), *cert. denied,* 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985); *United Carolina Bank v. Board of Regents of Stephen F. Austin State Univ.,* 665 F.2d 553 (5th Cir. Unit A 1982) (Stephen F. Austin State University in Texas); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345 (9th Cir.

1981) (Arizona State University), *aff'd sub nom. Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Jagnandan v. Giles,* 538 F.2d 1166 (5th Cir.1976) (Mississippi State University), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977); *Prebble v. Brodrick,* 535 F.2d 605 (10th Cir.1976) (University of Wyoming); *Long v. Richardson,* 525 F.2d 74 (6th Cir.1975) (Memphis State University); *Brennan v. University of Kansas,* 451 F.2d 1287 (10th Cir.1971); *Walstad v. University of Minnesota Hosps.,* 442 F.2d 634 (8th Cir.1971); *Contra Goss v. San Jacinto Jr. College,* 588 F.2d 96 (5th Cir.), *modified,* 595 F.2d 1119 (1979).

In our review we have found only one appellate court decision holding that a state university does not share in its state's eleventh amendment immunity. *Kovats v. Rutgers, the State Univ.,* 822 F.2d 1303 (3d Cir.1987) (Rutgers not immune). In addition, one court expressed doubt about the matter. *Soni v. Board of Trustees of Univ. of Tennessee,* 513 F.2d 347 (6th Cir.1975) (court unclear about University of Tennessee's eligibility for immunity, but concluded that if such immunity existed it had been waived by the state), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976).

versity's autonomy, funding sources, or non-state revenues.[4]

The Curators assert that although the district court did not expressly discuss any factual considerations in its Order, the court did consider the unique characteristics of the University before making its immunity determination. The Curators further maintain that the district court properly grounded its finding of eleventh amendment immunity on federal district court and Missouri cases which have found the University to be an "arm of the state" entitled to partake of the state's immunity. *See Hoferek*, 604 F.Supp. at 940; *Hemphill v. Moore*, 661 F.Supp. 1192, 1195 (E.D.Mo.1987); *Krasney v. Curators of Univ. of Missouri*, 765 S.W.2d 646, 649 (Mo.Ct.App.1989); *Strong v. Curators of Univ. of Missouri*, 575 S.W.2d 812 (Mo.Ct. App.1978). *Stare decisis*, according to the Curators, requires that we affirm the dismissal here.

■ While the Curators assert correctly that federal courts consider state law in determining whether a state-related entity shares eleventh amendment immunity, *see Greenwood*, 778 F.2d at 453 (court must examine entity's characteristics "as created by state law"), the state court cases cited by the Curators are inapposite because they concern the University's status with respect to sovereign immunity rather than eleventh amendment immunity.[5]

The two federal district court cases cited by the Curators, *Hoferek* and *Hemphill*, hold that the University shares in the State of Missouri's eleventh amendment immunity. Neither *Hoferek* nor *Hemphill*, however, analyzed the University's eligibility for eleventh amendment immunity in accordance with the requirements of *Greenwood*. *Hoferek*, decided before *Greenwood*, contains no factual

analysis of the University's autonomy or ability to pay judgments out of non-state funds. *Hoferek*, 604 F.Supp. at 940 ("Putting aside the semantics and nuances of University funding, the Curators of the University of Missouri *presumptively* represent the State of Missouri") (emphasis added). *Hemphill*, decided after *Greenwood*, comes closer to following our directives, but also falls short of the mark.

In *Hemphill*, the district court stated: "Based upon the Curators' limited autonomy and the source of university funding, this Court concludes that the Board of Curators is entitled to immunity from suits for money damages under the Eleventh Amendment." *Hemphill*, 661 F.Supp. at 1195. Our review of *Hemphill*, however, reveals that while the district court conducted some independent statutory analysis, it failed to make any *factual* findings on the critical issues of the University's level of autonomy and sources of judgment funding. Moreover, the *Hemphill* decision relied expressly on *Hoferek*. These cases do not resolve the question.

Accordingly, we remand this case for factual findings in light of this opinion and *Greenwood*. If Sherman's unrebutted factual allegations are true—for example, that only one-third of the University's operating budget comes from state appropriations—the University should explain why payment of contractual damages would *necessarily* implicate the state fisc.

■ We add this comment. The University cannot create its own eleventh amendment immunity by structuring its resources so as to pay all breach of contract damages out of state funds. Thus, the question on remand is not whether the University chooses to pay contract damages out of state funds, but whether a judgment against the

---

4. As stated earlier, Sherman's suggestions in opposition to the Curators' Motion to Dismiss presented numerous factual allegations highlighting the degree of funding autonomy enjoyed by the University. For example, Sherman alleged that the State of Missouri provides only one-third of the funds toward the University's overall operating budget. Sherman also alleged that the University maintains bank accounts separate from the State, and that revenues generated by University operations such as a commercial television

station and a nuclear reactor facility are not funneled to or through the State.

5. As noted earlier, Missouri has abrogated its sovereign immunity in contract cases and now permits such cases to be brought in state court. The question presented here, however, concerns a possible *eleventh amendment* bar to contract actions against a state-connected entity in *federal* court.

University can be paid from non-state funds under the University's discretionary control. *See Kovats v. Rutgers, The State Univ.*, 822 F.2d 1303, 1309 (3d Cir.1987).[6]

## III. CONCLUSION

Based on the foregoing discussion, we reverse and remand for findings on the jurisdictional question of eleventh amendment immunity, and any further proceedings as may be required in this matter.

6. In *Kovats*, where the court found Rutgers not entitled to eleventh amendment immunity, the court delineated nine factors used to determine when an entity shares in its state's eleventh amendment immunity: (1) local law and decisions defining the status and nature of the agency involved in its relation to the sovereign; (2) most importantly, whether the payment of the judgment will have to be made out of the state treasury; (3) whether the agency has the funds or the power to satisfy the judgment; (4) whether the agency is performing a governmental or proprietary function; (5) whether it has been separately incorporated; (6) the degree of autonomy over its operations; (7) whether it has the power to sue and be sued and to enter into contracts; (8) whether its property is immune from state taxation; and (9) whether the sovereign has immunized itself from responsibility for the agency's operations. *Kovats*, 822 F.2d at 1307. On remand, the district court may also consider those factors delineated here which are not expressly or impliedly contained in *Greenwood* to the extent they are relevant.