56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Les HADLEY, Plaintiff-Appellee,
v.
NORTH ARKANSAS COMMUNITY TECHNICAL COLLEGE, Defendant-Appellant.
 No. 94-3703
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 14, 1995
Filed: June 5, 1995
 
 Before LOKEN, Circuit Judge, LAY, Senior Circuit Judge, and NANGLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 North Arkansas Community Technical College (NACTC) appeals from the district court's order denying its claim of Eleventh Amendment immunity in a 42 U.S.C. Sec. 1983 suit brought against it. Les Hadley alleges NACTC violated his due process rights in connection with his termination. He also filed a pendent state claim for breach of contract. NACTC moved for summary judgment claiming it is an arm of the State of Arkansas and therefore immune from suit in federal court under the Eleventh Amendment. The district court denied the motion, relying solely on the holding in Parsons v. Burns, 846 F. Supp. 1372 (W.D. Ark. 1993), which declared another Arkansas community college not immune. NACTC now appeals.
 
 
 2
 In deciding whether Eleventh Amendment immunity applies to a subdivision of the state, "[c]ourts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury." Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) (quoting Laje v. R.E. Thomason Gen. Hosp., 665 F.2d 724, 727 (5th Cir. 1982)); see Sherman v. Curators of Univ. of Mo., 16 F.3d 860, 863 (8th Cir. 1994). The key inquiry is whether a judgment against the institution must be paid from state funds, or whether it can be paid from nonstate sources under its discretionary control. Sherman, 16 F.3d at 865. Furthermore, each state instrumentality claiming immunity "must be considered on the basis of its own particular circumstances." Greenwood, 778 F.2d at 453 (quoting Soni v. Board of Trustees, 513 F.2d 347, 352 (6th Cir. 1975), cert. denied, 426 U.S. 919 (1976)); see Sherman, 16 F.3d at 863.
 
 
 3
 The district court's opinion does not set forth the particulars of NACTC's circumstances. Although the Parsons decision declared that another Arkansas community college is not entitled to Eleventh Amendment immunity, we find the factual allegations presented in this case somewhat distinguishable. The specific characteristics of NACTC appear to be different from those set out in Parsons. For example, the budget of the college in Parsons was provided by 20.2% state funds and 33.3% local taxes-a fact on which the Parsons court heavily relied. See 846 F. Supp. at 1379, 1380. In this case, however, NACTC's president alleges NACTC derives 58.2% of its budget from state funding and only 3.0% from local taxes.[1] In addition, NACTC's president claims all monies raised from local taxes can only be used for new acquisitions or pledged for the issuance of bonds to support new acquisitions. He further asserts that any judgment rendered against NACTC must come out of its "Unrestricted Educational and General Funds," of which state funding provides 75.1% of the total. Such factual allegations were not considered in the Parsons opinion.
 
 
 4
 Hadley challenges a number of NACTC's assertions, and the alleged differences between NACTC and the college considered in Parsons may not necessarily lead to disparate results under the Eleventh Amendment.[2] Nevertheless, because there appear to be disputed issues of material fact in this case,[3] and because NACTC's circumstances allegedly differ from those in Parsons, the court below erred in failing to undertake a particularized analysis of NACTC's Eleventh Amendment status.[4] See, e.g., Sherman, 16 F.3d at 863-64 (remanding because nothing in the lower court's order "considered Sherman's factual allegations about the University's autonomy, funding sources, or nonstate revenues"); Greenwood, 778 F.2d at 454 (remanding for further consideration because the district court's one-sentence decision did not provide a proper analysis of the university's status).
 
 
 5
 Thus we conclude it would be premature to rule on the Eleventh Amendment issue given the record before us. To save the parties and the court time and expense, we retain jurisdiction over this appeal and certify the question back to the district court to prepare a complete factual record either by stipulation or through an evidentiary hearing. We request that the court make detailed findings not inconsistent with our Sherman and Greenwood decisions. The district court shall undertake and complete this inquiry within a reasonable time not to exceed six months.[5]
 
 
 6
 IT IS SO ORDERED.
 
 
 
 *
 The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Affidavit of Dr. Bill Baker, President of NACTC, was the only piece of evidence submitted by either party on the motion for summary judgment. Hadley relies solely on a number of Arkansas statutes, of which he requests this court take judicial notice
 
 
 [2]
 For example, we agree with Hadley the mere fact that a higher percentage of NACTC's budget is derived from state funding is not dispositive. The higher percentage does not alone explain why payment of damages to Hadley would necessarily implicate these state funds. Yet this fact combined with the other facts alleged in the president's affidavit may support a conclusion contrary to the one in Parsons
 
 
 [3]
 One such disputed issue is whether NACTC can use local sources of funding for general use or only for new acquisitions. Citing ballots attached to its submitted affidavit, NACTC claims these funds are limited to new acquisitions while Hadley challenges this narrow interpretation of the ballots' language
 
 
 [4]
 In determining that the court erred, we need not reach the issue of whether Parsons was correctly decided
 
 
 [5]
 Both parties should submit or resubmit affidavits and other evidence in support of their arguments. Although the Arkansas statutes relevant to this case are the same as those considered in Parsons, the court must evaluate these statutes along with the submitted evidence to determine whether or not, on balance, NACTC's degree of local autonomy and its sources of funding for the potential judgment indicate it is an arm of the state