**DOVER ELEVATOR COMPANY,**
Appellant,

v.

**ARKANSAS STATE UNIVERSITY; John Mangieri, President of ASU; AR State University Board of Trustees; Charlotte Bradbury, Individually and as a Member of the Board of Trustees of Arkansas State University; Wayne Hartsfield, Individually and as a Member of the Board of Trustees of Arkansas State University; Larry Ross, Individually and as a Member of the Board of Trustees of Arkansas State University; Harold Thomas, Individually and as a Member of the Board of Trustees of Arkansas State University; William R. Phillips, Individually and as a Member of the Board of Trustees of Arkansas State University; Bill Fisher; Metro Elevator Company, Inc., Appellees.**

No. 94–3677.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1995.

Decided Aug. 31, 1995.

David A. Orsini, Little Rock, AR, argued, for appellant.

Lucinda McDaniel, Jonesboro, AR, argued (Richard Lusby, on the brief), for appellees Arkansas State University, et al.

W. Scott Davidson, Jonesboro, AR, argued, for appellee, Metro Elevator.

Before MAGILL and HANSEN, Circuit Judges, and STROM,* District Judge.

MAGILL, Circuit Judge.

Dover Elevator Company appeals from the final judgment of the district court[1] dismissing its § 1983 action against Arkansas State University and its trustees, and dismissing Dover's state law claims against the trustees and Metro Elevator Company. Dover ar-

---

\* THE HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

gues that the district court erred in granting in part ASU's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and in denying Dover's motion to amend its complaint. We affirm.

## I. BACKGROUND

On July 1, 1988, Arkansas State University (ASU) contracted with Dover Elevator Company, a Delaware corporation, for elevator maintenance and service on the ASU campus. The contract included an automatic renewal clause providing that the contract would renew on July 1, 1993, unless either party gave written notice of cancellation ninety days prior to July 1, 1993. The provision applied at the end of each five-year period during which the contract continued.

In June 1992, as the end of the five-year period covered by the original contract approached, ASU began the bidding process for an elevator service contract to be awarded when the five years expired. Dover knew of, and participated in, the bidding process without informing ASU that it believed its contract would continue beyond the initial five-year period. At the end of the bidding process, Metro Elevator Company had entered the lowest bid, and was awarded the contract starting on July 1, 1993.

Dover then brought an action against ASU and its president, trustees and purchasing agent ("trustees") in federal district court under 42 U.S.C. § 1983, alleging that it was deprived of its property without due process of law under the Fourteenth Amendment, and seeking injunctive relief or, in the alternative, money damages. Dover also sought a declaratory judgment that the contract was valid and enforceable, and presented state law claims of breach of contract and tortious interference with business relations.

In lieu of an answer, ASU filed a motion to dismiss the case for failure to state a claim under Rule 12(b)(6). On January 20, 1994, in a written order, the district court granted the motion in part and denied it in part. The order concluded that ASU and its trustees were immune from suit under the Eleventh Amendment, and that Dover had not presented a valid constitutional claim, because Dover did not have a property interest in the renewal of the contract. The court therefore dismissed Dover's constitutional claims. The court further concluded that Dover's state law claim of breach of contract was only applicable to ASU, not to the other defendants, because only ASU was a party to the contract, and therefore the other defendants could not be liable for breach of contract. Because ASU was immune, the court dismissed the breach of contract claim. The remaining state law claim, tortious interference with a contractual relationship, was not dismissed and was retained for trial.

Following this order, and denial of review by this Court pending a final judgment, Dover moved to amend their complaint one month before trial, seeking to add a state law claim of civil conspiracy among ASU, its trustees and Metro Elevator. In September 1994, the court denied the motion.

Dover then chose to voluntarily dismiss the tortious interference claim so that the Rule 12(b)(6) rulings, and the denial of their motion to amend the complaint, would convert to final judgment and become reviewable. On October 14, 1994, judgment was entered, finalizing the dismissal of the § 1983 claims and the breach of contract claim in the January 1994 order and dismissing the remaining tortious interference claim.

This appeal followed. In their notice of appeal, Dover stated that they appeal from the judgment of October 1994, the order of January 1994, and the order of September 1994.

## II. DISCUSSION

This appeal presents a series of interrelated issues. We begin by addressing ASU's argument that Dover's request for injunctive relief is not before this Court. We then will address Dover's claims that the court erred in dismissing the § 1983 claims against ASU and its trustees, Dover's claim that the court erred in dismissing the state law breach of contract claim against ASU and its trustees, and finally Dover's claim that the court erred in denying Dover's motion to amend its complaint.

## A. Scope of Appeal

■ ASU asserts that Dover's appeal is limited to a claim for money damages and that injunctive relief is not available, because the district court denied Dover's motions for a temporary restraining order and a preliminary injunction, and Dover has not appealed from the orders denying these motions. We disagree.

ASU is correct in that Dover did not appeal the denial of its motions for preliminary injunctive relief, and cannot now assert a claim for preliminary relief. *See Berdella v. Delo,* 972 F.2d 204, 208 (8th Cir.1992) (failure to specify order appealed from in notice of appeal bars appeal of that order). The notice of appeal does not cite the orders denying preliminary injunctive relief, or the order denying reconsideration of the denial of preliminary injunctive relief, and Dover cannot now assert those claims.

■ Failure to appeal the denial of preliminary injunctive relief, however, does not preclude appeal of a later denial of a permanent injunction. *Cf.* 19 The Lawyers Co-operative Publishing Co., *Federal Procedure* §§ 47.64–47.66 (1983) (discussing consolidation of motion for preliminary injunction and trial on the merits of permanent injunction). The January 1994 order cited in the district court's final judgment and in Dover's notice of appeal disposes of Dover's request for permanent injunctive relief, and therefore is before this Court on appeal.

ASU argues that the order disposes only of Dover's claims for money damages; we do not read the order in so limited a fashion. Although the district court does not classify the arguments as clearly as we would wish (and as we will in our discussion of the merits, *infra*), the court addressed both money damages and injunctive relief in its order dismissing all of Dover's constitutional claims: "although money damages cannot be awarded in an official capacity suit, both injunctive and technically prospective relief are available." Order of Jan. 20, 1994, at 8. The court proceeded to find that the defendants were entitled to "qualified immunity" because no constitutional claim was presented: Dover had no property right in the contract. *Id.* at 9–11. The court concluded this discussion by stating that "it is necessary to dismiss plaintiff's constitutional claims." Although "qualified immunity" does not pertain to a request for injunctive relief against state officials, the court's determination that Dover had no property right in the contract does, and the court's dismissal of all constitutional claims, in light of its finding that Dover had not shown a property right in its contract with ASU, constitutes a ruling on the permanent injunctive relief requested by Dover in its complaint. We therefore find that Dover, in appealing the October 1994 judgment and the January 20 order cited in the judgment, has given proper notice that it is appealing the denial of a permanent injunction against ASU and its trustees.

## B. Section 1983 Claims

The district court dismissed Dover's constitutional claims, brought under § 1983, on the basis, first, that ASU and its officials were immune from suit under the Eleventh Amendment, and on the basis that Dover had not asserted a constitutional violation because it did not have a property right in its contract with ASU. We prefer to begin with the question of whether Dover has presented a constitutional violation; if there is no constitutional violation, there is no basis for a § 1983 claim, regardless of the immunity of the defendants.

■ The district court dismissed Dover's constitutional claims on the basis of ASU's motion to dismiss, for failure to state a claim on which relief can be granted, under Rule 12(b)(6). We review the granting of a motion to dismiss under Rule 12(b)(6) de novo. We examine the complaint in the light most favorable to the plaintiff to determine whether plaintiff can prove no set of facts that would entitle them to relief. *Ruge v. City of Bellevue,* 892 F.2d 738, 739 (8th Cir.1989).

■ "Section 1983 relief is predicated on the denial of a right or interest protected by the Constitution." *Medical Laundry Serv. v. Board of Trustees of Univ. of Ala.,* 906 F.2d 571, 573 (11th Cir.1990). In its complaint, Dover alleged that it was deprived of its property without due process of law in violation of the Fourteenth Amendment. Analy-

sis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated. *Carolan v. Kansas City, Mo.,* 813 F.2d 178, 181 (8th Cir.1987). Protected property interests are created by state law, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), but federal constitutional law determines whether the interest created by state law rises to the level of a protected property interest, *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978).

■ Dover's constitutional claim rests entirely on ASU's failure to give notice of the cancellation of Dover's contract ninety days before the five-year period covered by the initial contract expired.[2] This notice requirement is not a statutory requirement, but simply a contractual clause, and ASU's alleged failure to provide notice constitutes only a simple breach of contract.

It is well established that "a simple breach of contract does not rise to the level of a constitutional deprivation." *Medical Laundry Serv.,* 906 F.2d at 573 (quoting *Medical Laundry Serv. v. University of Ala.,* 840 F.2d 840, 843 (11th Cir.1988) (Roney, C.J., dissenting) (collecting cases)); *see New Madrid Sch. Dist. No. 1 v. Continental Casualty,* 904 F.2d 1236, 1241 (8th Cir.1990) ("We note that the teachers' action was brought in federal court pursuant to 42 U.S.C. § 1983 because of the First Amendment issues involved. Had the suit been based only on breach of contract it would have involved purely state law questions and would not have been cognizable in federal court, absent diversity."). Dover's suit arises from a simple breach of contract, and we agree with the Eleventh Circuit that the assertion that " 'any time one has an *enforceable* contract to which the State is a party, there is constitutionally protected property interest under that contract ... is inconsistent with the concept' of the Fourteenth Amendment." *Medical Laundry Serv.,* 906 F.2d at 573 (quoting *Medical Laundry Serv.,* 840 F.2d at

842 (Roney, C.J., dissenting)). Therefore, we find that Dover has not alleged facts that can support a § 1983 claim, and that the district court did not err in finding that Dover had not properly alleged a deprivation of property rights, or in dismissing Dover's constitutional claims against all defendants.

## C. State Law Claims

After dismissal of the constitutional claims, there remained Dover's state law claims of breach of contract and tortious interference with contract. The tortious interference claim was voluntarily dismissed, and is not before us in this appeal. The state law claim of breach of contract was under the jurisdiction of the district court by reason of diversity, and the district court dismissed the breach of contract claim because ASU, the party to the contract, was immune from suit in federal court under the Eleventh Amendment.

### 1. ASU Immunity

■ Dover argues that the district court erred in finding that ASU, as a state agency, was immune from suit in federal court under the Eleventh Amendment.

■ The Eleventh Amendment bars private parties from suing a state in federal court. *Sherman v. Curators of Univ. of Mo.,* 16 F.3d 860, 862 (8th Cir.1994). Suits in federal court against state agencies are similarly barred by the Eleventh Amendment when " 'the suit is in reality a suit against the state.' " *Id.* at 862–63 (quoting *Greenwood v. Ross,* 778 F.2d 448, 453 (8th Cir.1985)). The critical factor in this determination is "whether any judgment rendered against the [agency] would ultimately come out of state funds." *Id.* at 863. " 'Courts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury.' " *Id.* (quoting *Greenwood,* 778 F.2d at 453). The *Sherman* court noted that "the vast majority" of appellate courts have found that state universities share in their

---

2. Although Dover states that ASU "arbitrarily" awarded the contract to Metro Elevator, there is no allegation in the complaint or in Dover's brief

that ASU conducted the bidding process for the new contract improperly or that Metro Elevator did not present the lowest bid.

states' immunity. *Id.; see id.* at 863 n. 3 (listing appellate decisions finding state universities or colleges immune from suit in federal court).

The district court considered the question of whether the funds to pay an award against ASU would come from the state treasury in its order denying reconsideration of the January 1994 order, and found that, because ASU could not spend money without an appropriation from the state assembly, ASU was an extension of the state for Eleventh Amendment purposes. We agree.

The district court cited the deposition of the executive assistant to ASU's president, Scott Lewis, in making its *Greenwood* determination. Lewis testified that the Arkansas legislature restricted funds not only coming directly from the state treasury, but also funds received by ASU from individual donors. He testified that ASU "cannot spend one penny without an appropriation to do so from the general assembly." Appellee's Separate App. at 10. This testimony was, on the record before us, never contradicted by Dover, and because any award against ASU must be appropriated by the state assembly from money under state control, we find that the district court did not err in finding that ASU shares in the state's Eleventh Amendment immunity.

**2. ASU Trustees in Official Capacity**

██ The Eleventh Amendment also bars a suit against state officials when the state is the real party in interest. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). This bar is against suits in which a federal court awards retroactive monetary relief; a suit can be brought in federal court against officials in their official capacity for prospective injunctive relief to which any state expenditures are merely ancillary. *Id.; Edelman v. Jordan,* 415 U.S. 651, 667–69, 94 S.Ct. 1347, 1357–58, 39 L.Ed.2d 662 (1974); *see Ex Parte Young,* 209 U.S. 123, 160, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908). This exception to the Eleventh Amendment bar is

limited, however, to injunctive relief granted on the basis of federal law. *Pennhurst,* 465 U.S. at 106, 104 S.Ct. at 911.

A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Id.*

██ We have, in part B, *supra,* determined that Dover presented the district court with no valid constitutional claim, leaving only state law causes of action. ASU's trustees, in their official capacity, are immune from Dover's state law breach of contract action, whether damages or specific performance is the remedy sought.

██ Finally, the trustees in their individual capacities were not parties to the contract between ASU and Dover, and Dover does not have a valid breach of contract claim against the trustees in their individual capacities.

Because ASU and its trustees in their official capacities, the party to the contract with Dover, are immune from suit based on state law claims in federal court, we find that the district court did not err in dismissing Dover's state law breach of contract claim.[3]

**D. Dover's Motion to Amend Its Complaint**

Dover argues that the district court erred in denying its motion to amend its complaint. Dover sought to add a claim of civil conspiracy against the ASU trustees and Metro Elevator.

██ We review the district court's denial of leave to amend the complaint for abuse of

3. We note that Dover was not left without a remedy for its breach of contract claim; Arkansas law provides review of claims against the State of Arkansas under the jurisdiction of the Arkansas State Claims Commission. Ark.Code Ann. § 19–10–204(a).

discretion. *Niagara of Wis. Paper Corp. v. Paper Indus. Union–Management Pension Fund,* 800 F.2d 742, 749 (8th Cir.1986).

■ Dover filed its motion to amend its complaint, adding a new claim, on August 22, 1994. The complaint was filed on July 9, 1993, more than a year before the motion to amend was filed. At the time the motion to amend was filed, trial had already been set to begin on September 19, 1994, less than a month later, and discovery was scheduled to end on August 29, only a week later. The district court found that this untimely amendment, adding a new theory of recovery, would prejudice the defendants, leaving them inadequate time to prepare. We agree. *See Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir.1994) (no abuse of discretion in denial of leave to amend complaint less than three weeks before trial); *Darms v. McCulloch Oil Corp.,* 720 F.2d 490, 494 (8th Cir.1983) (no abuse of discretion in denial of leave to amend complaint six weeks before trial). We find that the district court did not abuse its discretion in denying Dover's motion to amend its complaint.

### III. CONCLUSION

Because we find that Dover has failed to present a claim of a constitutional violation, because Dover is barred by the Eleventh Amendment from bringing its state law claim in federal court, and because the district court did not abuse its discretion in denying Dover's motion to amend its complaint, we affirm the judgment of the district court.