_____

No. 95-2019

_____

Mark D. Treleven,                    *
                                     *
          Appellant,                 *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  District of Minnesota.
University of Minnesota;             *
David S. Kidwell,                    *
                                     *
          Appellees.                 *


_____

          Submitted:  November 17, 1995

              Filed:  January 12, 1996
_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BOWMAN, Circuit Judge.

     This case requires us to consider whether the University of Minnesota is an instrumentality of the state of Minnesota for purposes of the Eleventh Amendment and 42 U.S.C. § 1983 (1988).

     In 1987 Mark D. Treleven, a faculty member, was denied tenure by the University, and his tenure-track appointment was terminated in 1988.  In May 1990, after an administrative appeal by Treleven, the University reversed itself and granted Treleven tenure.  In the interim, however, Treleven had accepted teaching positions at other universities.  The University asked him to return to campus to teach classes by September 16, 1993.  When Treleven did not return by the designated date, the University terminated Treleven's employment because, in the University's opinion, Treleven had

constructively resigned.  Treleven then filed this § 1983 lawsuit against the University and Dean David S. Kidwell.[1]  Treleven sought damages and reinstatement.  The District Court held that the action could not be maintained against the University and Kidwell because both are entitled to immunity from suit under the Eleventh Amendment and because neither are persons within the meaning of § 1983.  Treleven now timely appeals the District Court's grant of summary judgment.  We affirm in part and reverse in part.

"We review de novo the granting of a summary judgment motion." Maitland v. University of Minn., 43 F.3d 357, 360 (8th Cir. 1994). "We will affirm the judgment if the record shows there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law."  Id.; see also Fed. R. Civ. P. 56(c).  The parties agree that no material factual disputes exist, but Treleven does not agree that the University and Kidwell are entitled to judgment as a matter of law.  The primary issue of law in this case is whether the University is an instrumentality of the state of Minnesota and thus entitled to share in the state's Eleventh Amendment immunity.

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens.  Hans v. Louisiana, 134 U.S. 1, 15 (1890).  Additionally, the Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual

---

[1]Treleven also brought claims against the University and Kidwell under state law.  The District Court dismissed the state-law claims without prejudice after dismissing with prejudice his federal claims.

state officers in their official capacities[2] because such lawsuits are essentially "for the recovery of money from the state." <u>Ford Motor Co. v. Department of the Treasury</u>, 323 U.S. 459, 464 (1945). Moreover, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are `persons' under § 1983" when sued for damages. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Thus, assuming that the University is an arm of the state, Treleven's federal-court lawsuit against the University clearly is barred by the Eleventh Amendment, and his suit against Kidwell also clearly is barred insofar as Treleven seeks to recover damages from Kidwell.

We previously have determined that the University of Minnesota is an instrumentality of the state and entitled to share in the state's Eleventh Amendment immunity. <u>See</u> <u>Richmond v. Board of Regents</u>, 957 F.2d 595, 598-99 (8th Cir. 1992); <u>Schuler v. University of Minn.</u>, 788 F.2d 510, 516 (8th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1056 (1987); <u>Walstad v. University of Minn. Hosps.</u>, 442 F.2d 634, 641-42 (8th Cir. 1971). Treleven nonetheless argues that these cases are subject to reexamination in light of <u>Greenwood v. Ross</u>, 778 F.2d 448 (8th Cir. 1985), and <u>Sherman v. Curators of the University of Missouri</u>, 16 F.3d 860 (8th Cir. 1994).

In <u>Greenwood</u> this Court remanded the case to allow the district court to "make findings concerning whether the University of Arkansas is for eleventh amendment purposes a separate entity

---

[2]Treleven has joined Kidwell as a defendant solely in his official capacity as dean of the Carlson School of Management at the University of Minnesota. <u>See</u> Complaint at ¶ 4 ("At all times relevant herein, [Kidwell] acted within the scope of his duties as Dean."); <u>see</u> <u>also</u> <u>Egerdahl v. Hibbing Comm. College</u>, No. 95-1700, slip op. at 7 (8th Cir. Dec. 18, 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims.").

from the state of Arkansas." 778 F.2d at 454. We listed a number of factors to be considered when making such findings. These include: (1) whether the action is in reality an action against the state as a result of the entity's "powers and characteristics" under state law; (2) whether the entity is autonomous and exercises a significant degree of control over its own affairs; and (3) "whether the funds to pay any award will be derived from the state treasury." Id. at 453 (quoting Laje v. R.E. Thomason Gen. Hosp., 665 F.2d 724, 727 (5th Cir. 1982)); see also Sherman, 16 F.3d at 863 (remanding case for consideration of status of University of Missouri in light of Greenwood factors). According to Treleven, this court's post-Greenwood decisions regarding the status of the University of Minnesota are not valid precedents because they merely cite Walstad and do not discuss the Greenwood factors. Based on Greenwood and Sherman, Treleven would have us remand this case to the District Court so that the court could make detailed findings of fact regarding the University's relationship with the state. The University, on the other hand, argues that Greenwood did not overrule Walstad but in fact, by citing Walstad approvingly, confirmed the Walstad court's conclusion that the University of Minnesota is entitled to share in the state's Eleventh Amendment immunity.

We do not think that Greenwood and Sherman cast any doubt on our holding in Walstad. In Walstad, we considered the relationship between the University and the state. We noted that "the Minnesota Constitution provides that the University of Minnesota is an instrumentality of the state and expressly reserves all immunities to the University," and we therefore held that the university's hospitals are "immune from suit as a sovereign entity" under the Eleventh Amendment. Walstad, 442 F.2d at 641 (citing Minn. Const. of 1857 art. VIII, § 3 (amended and recodified in 1974 as art. XIII, § 3)). We later cited Walstad in both Greenwood and Sherman as an example of "[t]he majority of cases addressing the question of eleventh amendment immunity for public colleges and universities

-4-

[that] have held that these institutions are arms of their respective state governments and thus immune from suit." Greenwood, 778 F.2d at 453; see also Sherman, 16 F.3d at 863 n.3. This Court's holding in Walstad, followed in Richmond and Schuler, is not altered by either Greenwood or Sherman. Greenwood and Sherman set forth factors for district courts to consider when they are confronted with an Eleventh Amendment question of first impression. The District Court in this case had no need to consider the Greenwood factors; it had before it the prior decisions of this Court adjudicating the question of the University's relationship with the state. In these circumstances, the District Court properly held that the University was an arm of the state and thus entitled to share in its Eleventh Amendment immunity.[3]

We next consider the scope of Kidwell's entitlement to the state's Eleventh Amendment immunity. While the District Court properly dismissed, on Eleventh Amendment grounds, Treleven's claims against Kidwell for damages, the court erroneously granted summary judgment for Kidwell on Treleven's § 1983 claim against Kidwell for injunctive relief. The District Court simply dismissed all of Treleven's claims after holding that Kidwell was not a "person" within the meaning of § 1983 and that actions against state officials are barred by the Eleventh Amendment. Actions in federal court seeking injunctive relief against state officials, however, are not always barred by the Eleventh Amendment. Ex parte Young, 209 U.S. 123, 155-56 (1908); see also Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 857-58 (1824). We recently explained that "Ex parte Young recognized that suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future

_____

[3]Treleven offered no evidence that the relationship between the University and the state has changed since our 1971 Walstad decision.

-5-

violations of federal law." <u>Fond du Lac Band of Chippewa Indians v. Carlson</u>, 68 F.3d 253, 255 (8th Cir. 1995). Additionally, state officials are "persons" under § 1983 when sued for injunctive relief because such actions "are not treated as actions against the State." <u>Will</u>, 491 U.S. at 71 n.10 (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985)). Thus to the extent that the District Court, basing its decision on the Eleventh Amendment, granted summary judgment for Kidwell on Treleven's § 1983 claim for injunctive relief in the form of reinstatement, the judgment must be reversed.[4]

In sum, we affirm the District Court's grant of summary judgment in favor of the University. We also affirm the court's grant of summary judgment in favor of Kidwell, except insofar as the court granted summary judgment in favor of Kidwell on Treleven's § 1983 claim for reinstatement. To that extent, the judgment is reversed, and the case is remanded for further proceedings.


A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]Although Treleven also sought injunctive relief as a part of his state-law claims, the District Court properly dismissed these claims in their entirety. The exception to the Eleventh Amendment carved out by <u>Ex parte Young</u> and its progeny does not extend to lawsuits seeking to enjoin state officers from violating state law. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984).