Damon **CANADA**, Plaintiff,

v.

Mark **THOMAS** and the Board of Regents of Central Missouri State University, Defendants.

No. 95–0536–CV–W–9–5.

United States District Court,
W.D. Missouri,
Western Division.

Feb. 2, 1996.

Larry D. Coleman, Kansas City, MO, for plaintiff.

Terry Brady, George P. Coughlin, Michael Dodig, Lathrop & Gage, L.C., Kansas City, MO, for defendants.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court are defendants' Motion for Summary Judgment, plaintiff's Opposi-tion, and defendants' Reply. For the rea-sons set out below, defendants' Motion is granted and this case is dismissed.

### Background

Plaintiff is a former student of Central Missouri State University (CMSU). He brings several claims arising out of an injury he sustained during a football practice against the Board of Regents of CMSU and Mark Thomas (Thomas), a former defensive coach for the CMSU football team. Plaintiff alleges that by requiring him to practice with the football team despite his academic ineligi-bility, the defendants violated his rights un-der the Fourteenth Amendment, breached a contract with him, and were negligent.

Defendants move for summary judgment on the ground that CMSU is immune from suit by virtue of the Eleventh Amendment of the United States Constitution. Thomas ar-gues that official immunity makes him im-mune from suit. Alternatively, defendants assert that plaintiff does not allege a consti-tutionally protected liberty interest, and therefore, they should prevail as a matter of law on plaintiff's Fourteenth Amendment claim.

### Standard

■ A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Rafos v. Outboard Marine Corp.,* 1 F.3d 707, 708 (8th Cir.1993) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 320–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). Only if "no reasonable jury could return a verdict" for plaintiff will a summary judg-ment be granted. *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir.1991) (citations omitted).

### Analysis

1. Eleventh Amendment Immunity

CMSU first argues that because it is an "arm of the state," the Eleventh Amendment of the United States Constitution provides

immunity from plaintiff's suit. Plaintiff responds that summary judgment should not be granted because a fact dispute exists concerning whether or not a judgment against CMSU would be paid from state funds.

■ Pursuant to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The immunity created by the Eleventh Amendment may extend to political subdivisions of the state such as state universities. *Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir.1985) (citations omitted). Whether the university actually enjoys Eleventh Amendment protection, however, must be determined on a case-by-case basis. *Greenwood*, 778 F.2d at 453. In order to make this determination, a court must examine the amount of the university's local autonomy and control, and most importantly, whether any judgment rendered against the entity would be ultimately paid out of state funds. *Sherman v. Curators of Univ. of Mo.*, 16 F.3d 860, 863 (8th Cir.1994) (citation omitted).

■ It is clear that CMSU is not substantially autonomous from the state. The Missouri Legislature created CMSU and requires it to submit to detailed reporting procedures. For example, CMSU is required to fill out annual reports with the department of education describing "all receipts of moneys from appropriations, incidental fees, and all other sources, and the disbursements thereof, and for what purposes, and the condition of said college." Mo.Stat.Ann. § 174.170 (Vernon 1991). The legislature has defined standards by which CMSU may remove university presidents and teachers. *See* Mo.Stat.Ann. § 174.150 (Vernon 1991). Further, the executive branch of the State at least indirectly controls CMSU due to the governor's power to choose CMSU's Board of Regents. In light of the state's continuous attention to CMSU's affairs, CMSU's dependence on state funding, and the control held by the state's Governor, this Court finds that CMSU does not enjoy a significant level of autonomy from the state.

■ This Court must also determine, however, whether a judgment against the defendant would affect the state treasury. A state university "cannot create its own eleventh amendment immunity by structuring its resources so as to pay all ... damages out of state funds." *Sherman*, 16 F.3d at 864. Therefore, the issue is not whether the university chooses to pay damages out of state funds, but "whether a judgment against the [u]niversity can be paid from non-state funds under the [u]niversity's discretionary control." *Id.* at 864–865 (citation omitted).

■ In this case it is undisputed that approximately 60% of CMSU's funds are derived from state appropriations and 40% of the funds come from student fees, sales, and services. Further, CMSU commingles those funds into a single account. As in *Sherman*, there has been no indication in this case that the commingling stems from CMSU's plan to protect itself with Eleventh Amendment immunity, and thus avoid suit. *Sherman v. Curators of Univ. of Mo.*, 871 F.Supp. 344, 347 (W.D.Mo.1994). Under CMSU's present banking and accounting system, it is clear that the university could not be paid from non-state funds. Further, it is equally clear that any judgment against CMSU would ultimately come from the state treasury. *See Sherman*, 871 F.Supp. at 347 (state's relationship with the university and its involvement in the university's financial status and reporting made clear that any judgment would ultimately come from the state treasury); *Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir.1987); *Van Pilsum v. Iowa State Univ.*, 863 F.Supp. 935 (S.D.Iowa 1994). As a result, this Court finds that CMSU is entitled to Eleventh Amendment immunity.

### 2. Section 1983 Claim

Defendants also assert that plaintiff's claim under § 1983 should fail as a matter of law because plaintiff cannot allege that he was deprived of a constitutionally protected right.

■ "Section 1983 is not itself a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citation and internal quotes omitted). The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Therefore, in order to assert a Due Process claim, a plaintiff must have a protected life, liberty, or property interest.

▮ Plaintiff has only asserted a substantive due process violation in this case. These types of claims are analyzed under two tests. *Brown v. Nix,* 33 F.3d 951, 953 (8th Cir.1994) (citation omitted). First, the state is forbidden from infringing upon certain "fundamental" liberty interests unless the infringement is narrowly tailored to serve a state interest. *Reno v. Flores,* 507 U.S. 292, 301–303, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993); *Collins v. City of Harker Heights,* 503 U.S. 115, 123–25, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992). Second, the state may not engage in conduct that so arbitrarily and unjustifiably intrudes upon one's fundamental rights that it "shocks the conscience," offends "judicial notions of fairness," or is "offensive to human dignity." *Brown* 33 F.3d at 953.

▮ Plaintiff claims that defendants violated his right to be free from governmental coercion and that he had a liberty interest in refusing to practice football when he was academically ineligible. The Supreme Court has been very reluctant to extend Fourteenth Amendment coverage to many areas outside certain enumerated rights. *Collins,* 503 U.S. at 123–25, 112 S.Ct. at 1068 (citation omitted). The liberty interests protected under substantive due process are related to the privacy interest in personal decisions concerning marriage, procreation, contraception, family relationships, child rearing, and education. *Planned Parenthood of Southeastern Pa. v. Casey,* 505 U.S. 833, 851–53, 112 S.Ct. 2791, 2807, 120 L.Ed.2d 674 (1992). *See also Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (marriage); *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) (procreation); *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) (contraception); *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944) (family relationships); *Pierce v. Society of the Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) (child rearing and education).

▮ The history of the Due Process Clause does not support plaintiff's claim that he had a liberty interest in refusing to practice football or that he had a liberty interest in being free from governmental coercion to practice football. Certainly plaintiff has not met the heavy burden required to extend the Due Process Clause. In addition, even if a liberty interest could be created, plaintiff has not alleged that he refused to practice football or that he was coerced into playing football on the day he was injured.

▮ Regarding the second substantive due process test, Thomas's requirement that plaintiff practice with the football team is not a state action that can be characterized as "arbitrary," "conscience-shocking," or offensive to "judicial notions of fairness." *See Brown,* 33 F.3d at 954; *Collins,* 503 U.S. at 127–29, 112 S.Ct. at 1070. Thomas's decision to have plaintiff practice with the team does not seem unreasonable due to the possible temporary nature of plaintiff's ineligibility. All plaintiff had to do was enroll for the required number of credit hours.

This Court cannot say that the Due Process Clause imposes a federal obligation on state universities to allow football players to refuse to practice football when they are academically ineligible. As a result, defendants' Motion must be granted as to this issue and Count I of plaintiff's complaint is dismissed.

3. State Law Claims

Plaintiff also alleges that defendants breached an unwritten contract with him and that Thomas was negligent in requiring him to practice football. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

▮ Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the claims

over which the district court has original jurisdiction have been dismissed. A district court has broad discretion in determining whether or not to exercise supplemental jurisdiction over state law claims. *Willman v. Heartland Hosp. E.*, 34 F.3d 605, 613 (8th Cir.1994). Discovery has been stayed in this case pending the ruling of defendants' Motion to Dismiss. Because few resources have been expended by both the parties and this Court, this Court declines to exercise supplemental jurisdiction on plaintiff's state law claims.

4. Attorney's Fees

■ Defendants have asked that, in the event its Motion is granted, attorney's fees also be awarded. The awarding of fees in § 1983 cases is governed by 42 U.S.C. § 1988, which permits a court to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Defendants may obtain attorney's fees under § 1988 upon "well-supported findings" that the suit is "frivolous, unfounded, and vexatiously brought and pursued." *American Family Life Assur. Co. of Columbus v. Teasdale*, 733 F.2d 559, 569 (8th Cir.1984). Defendants have not provided this Court with any law or argument supporting their claim for fees. Therefore, their request is denied.

### Conclusion

For the above stated reasons, it is hereby

ORDERED that defendants' Motion for Summary Judgment (doc. #11) is granted. It is further

ORDERED that defendant CMSU is immune from suit pursuant to the Eleventh Amendment. It is further

ORDERED that plaintiff's Count I is dismissed with prejudice. It is further

ORDERED that plaintiff's Counts II and III are dismissed without prejudice. It is further

ORDERED that defendants' request for attorney's fees is denied.