_____

No. 95-3645
_____

Steven C. Labickas,                    *
                                       *
          Appellant,                   *
                                       *
     v.                                *   Appeal from the United States
                                       *   District Court for the
U.S. Department of Education;          *   Eastern District of Arkansas.
Arkansas State University;             *        [UNPUBLISHED]
Simmons First National Bank,           *
                                       *
          Appellees.                   *
_____

                 Submitted:  August 2, 1996

                     Filed:  August 7, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Steven C. Labickas filed suit against the United States Department
of Education (DOE), Arkansas State University (ASU), and Simmons First
National Bank (Simmons), alleging violations of the Federal Tort Claims Act
(FTCA), 28 U.S.C. §§ 2671-80, the Higher Education Act (HEA), 20 U.S.C. §§
1070-1099, and state common law.

     The district court dismissed the complaint with prejudice as to all
defendants, concluding that Labickas failed to show that he had exhausted
administrative procedures under the FTCA; that ASU was entitled to immunity
from suit under the Eleventh Amendment; the HEA did not provide a private
cause of action; and that there was therefore no federal subject matter
jurisdiction for Labickas's claims against Simmons.

     We reject Labickas's argument that the FTCA's exhaustion requirement
is unconstitutional.  See  Bellecourt v. United States,

994 F.2d 427, 430 (8th Cir. 1993) (FTCA is limited waiver of sovereign immunity requiring strict compliance; exhaustion of administrative remedies is jurisdictional), cert. denied, 114 S.Ct. 1049 (1994); Celestine v. Veterans Admin. Hosp., 746 F.2d 1360, 1362 (8th Cir. 1984) (absent exhaustion, sovereign immunity of United States is not waived).

As to Labickas's claim that the HEA creates a private right of action, we determined in an earlier action filed by Labickas that no private right of action was implied under the HEA for student borrowers. Labickas v. Arkansas State Univ., 78 F.3d 333, 334 (8th Cir. 1996) (per curiam).

Contrary to his assertions, Labickas also cannot proceed under 42 U.S.C. § 1983. We agree with the district court that ASU was entitled to Eleventh Amendment immunity. See Sherman v. Curators of Univ. of Mo., 16 F.3d 860, 863-64 (8th Cir. 1994) (discussing factors court must consider in determining agency's entitlement to Eleventh Amendment immunity); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 447 (8th Cir. 1995) (ASU entitled to Eleventh Amendment immunity because testimony established funds to pay award against ASU were controlled by state assembly). As to Simmons, Labickas made no allegations from which it can be inferred that Simmons acted under color of state law. See Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)) (private party may be held liable on § 1983 claim if "willful participant in joint action with the State or its agent"), cert. denied, 114 S.Ct. 1055 (1994).

We also reject Labickas's argument that the district court abused its discretion in denying Labickas's motion for a default judgment against Simmons. See United States on Behalf of Time Equip. Rental v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (standard of review).

Although it was within the district court's discretion to dismiss Labickas's state law claims, see <u>McLaurin v. Prater</u>, 30 F.3d 982, 984-85 (8th Cir. 1994), they should have been dismissed without prejudice. <u>Cf</u>. <u>Stokes  v. Lokken</u>, 644 F.2d 779, 785 (8th Cir. 1981) (construing order dismissing state law claims following summary judgment on federal claims as dismissal without prejudice because such procedure is the "normal practice").

Accordingly, we affirm the dismissal with prejudice of Labickas's federal claims and modify the dismissal of his state law claims to be without prejudice.  We deny Labickas's request to certify issues to the United States Supreme Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-