# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3030

_____

Charles Gassoway,                *
                                   *
           Appellant,       *
                                   *
       v.                   *     Appeal from the United States
                                   *     District Court for the Eastern
Metropolitan St. Louis         *     District of Missouri.
Psychiatric Center,           *
                                   *           [UNPUBLISHED]
           Appellee.        *

_____

Submitted: June 12, 2000

Filed: July 10, 2000

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
      PANNER,[1] District Judge.

_____

PER CURIAM.

Charles Gassoway sued the Metropolitan St. Louis Psychiatric Center (MPC), claiming, as relevant here, that he was terminated on the basis of his race in violation of 42 U.S.C. § 1981(a), and of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

§ 2000e-2(a), § 2000e-5(f). The district court[2] dismissed the Title VII claim because Mr. Gassoway did not file his action within 90 days of receiving his right-to-sue letter from the EEOC, as § 2000e-5(f) requires, and the factual record completely supports the district court's action.

The district court dismissed Mr. Gassoway's § 1981 claim on the ground that the MPC was an arm of the state of Missouri, and thus entitled to eleventh amendment immunity, because its sole source of funding was from the state and because officers of the state managed its operations in every particular. *See Sherman v. Curators of the University of Missouri*, 16 F.3d 860, 863-64 (8th Cir. 1994). The factual record completely supports this conclusion as well.

Mr. Gassoway argues that the district court erred in dismissing his § 1981 claim with prejudice, evidently wishing to file it, if he can, in state court at some point. Since a dismissal on the basis of subject-matter jurisdiction, however, with or without prejudice, cannot act as a bar to a later suit in the Missouri courts, *see Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373, 373 n.3 (8th Cir. 1997), *see also* 18 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4436, at 339 (1981), we detect no error here.

We therefore affirm the district court in every respect. *See* 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.